JOHN DOE, *ex dem.*, JOHN BUSH and ELIZA BUSH, plaintiffs in error, vs. RICHARD ROE, casual ejector, SHERWOOD C. LINDSEY, tenant in possession, defendants in error.

[1.] An exemplification of the proceedings of a Court of Ordinary, in appointing a guardian and ordering the sale of the ward's land, did not show upon its face any thing to give the Court jurisdiction, yet, *Held* that as the Court of Ordinary is a Court of general jurisdiction, it was to be presumed, that something existed by which the Court got jurisdiction, and, therefore, that the exemplification was admissible as evidence of such appointment and order.

[2.] A court house, with most of the records, was consumed by fire. The records left showed, among other things, an order authorizing S., as administrator of B., to sell a lot of land ; the returns of S., as administrator of B.; and an order dismissing S. from the administration of the estate of B.

*Held,* That these things were sufficient to prove S. to have been appointed the administrator of the estate of B.

Ejectment, from Muscogee county. Tried before Judge WORRILL, June Term, 1857.

This was an action of ejectment brought by the plaintiffs

in error, for the recovery of a lot of land No. 48, in the 8th district of Muscogee county.

On the trial, the plaintiffs introduced in evidence, a grant of the lot of land in question to Eliza Ann Hays, illegitimate, of Spink's district, Jones county, dated April 30th, 1834.

Plaintiffs also read in evidence the answers of Nancy Pate, to interrogatories, to the following effect: That she was the mother of Eliza Ann Bush, (the wife of William J. Bush,) who, at the time she gave in for the draw, was 3 weeks old, and that was the year before the land was drawn; that she lived in Jones county at the time the draw was given in for.

Plaintiffs then proved by the defendant, S. C. Lindsey, that he was in possession of the lot of land in question in 1847, and had continued so ever since; and introduced Wiley Williams, who proved that the drawing of the land took place in 1826 or 1827, and closed.

Defendant then offered to read in evidence the transcript of the record, certified by Marion Bethune, Clerk of the Court of Ordinary of Talbot county, in order to prove the appointment of Benjamin Pate as guardian of Eliza Ann Hays, illegitimate of Nancy Pate, as also an order of the Court of Ordinary, granting Benjamin Pate leave to sell the said lot land.

To the reception of this exemplification plaintiff's counsel objected, on the ground that it did not appear that the Court of Ordinary of Talbot county had any jurisdiction to appoint the guardian; that it did not appear that the ward lived in that county, or that she had any property there; that it did not appear that it was the action of the Inferior Court of said county, sitting for ordinary purposes; that the transcript was not properly certified, there being no seal of the Court. And further, because it did affirmatively appear from the evidence of Nancy Pate, that she and child did live in Jones county at the time she gave in for the draw, and the law presumed

Bush vs. Lindsey.

she still resided there. These objections were overruled by the Court and the transcript admitted as evidence.

Defendant then read in evidence a deed from Benjamin Pate to David J. Britt, to the lot of land in question, dated May 31st, 1834.

Defendant then offered in evidence a deed made by Charles D. Stewart, administrator of David J. Britt, to himsef, for the said lot of land, dated April 2d, 1839, and for the purpose of proving that Stewart was such administrator, introduced as evidence John Johnson, who testified that he was Judge of Ordinary for the said County; that the court house with all the records was burnt down about 1838; that he had found no order appointing the said Stewart such administrator, but had found an order granting Stewart, as such administrator, leave to sell the lot in dispute, the returns of Stewart as such administrator, and an order dismissing Stewart from such administration, and these orders were read to the Court. Defendant then offered to read the deed in evidence, but plaintiffs objected, on the ground that it did not appear that Stewart had ever been appointed such administrator. This objection was overruled and the deed received in evidence, and to this plaintiffs excepted.

Plaintiffs, by his counsel, filed his bill of exceptions, alleging that the Court erred,

1st. In admitting in evidence the transcript of the record from Talbot Court.

2d. In admitting in evidence the deed from Stewart, as administrator to Lindsey.

INGRAM; and JOHNSON, for plaintiffs in error.

COOPER; and DOUGHERTY, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court right in receiving as evidence the exempli-

fication from the Court of ordinary of Talbot county, showing the appointment of Pate as guardian of Hays, and an order authorizing him to sell the land?

The objection to the exemplification was, that it did not show upon its face, that the ward lived in Talbot County, or had property therein, at the time of the appointment or of the order, and, consequently, that it did not show upon its face, any thing to give jurisdiction to that Court, to make the appointment and pass the order.

It is sufficient if the Court had jurisdiction; it is not necessary that what gave it jurisdiction should appear on the face of its proceedings. The Court of Ordinary is, and has always been, a Court of general jurisdiction.

Mrs. Pate says, that she "lived in Jones county when the draw was given in for, the ward, her child, then being only three month old. In this, it is implied, that she had since ceased to live there, and had come to live elsewhere. There is nothing to show, that this other place was not Talbot county. It does not appear, that Pate, her husband, the person appointed the guardian, ever lived in Jones; it does not appear where he, at any time, lived. It may well be, therefore, that he and Mrs. Pate, and the child, were all living in Talbot county, at the time when his appointment of guardian was made, and at the time when the order of sale was passed.

[1.] But the Court being a Court of general jurisdiction, it is necessary to presume, in the absence of proof to the contrary, that, at these times, the ward did reside in Talbot county, or did have property in that county; in short, to presume, that something existed which gave the Court jurisdiction.

The Court, then, was right in receiving the exemplification.

[2.] We think, that the evidence was quite sufficient, to show that Stewart had been appointed the administrator of Britt's estate, and therefore, that the Court was right in allow-

ing the deed made by Stewart, as such administrator, to go to the jury.   The court-house having been burnt, it was fortunate, that the evidence left, was so much as it was.

Judgment affirmed.