THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF DECATUR *et al.*, plaintiffs in error, *vs.* DANIEL HUMPHREY, defendant in error.

1. The public cannot appropriate property to public use, unless it pursue the mode pointed out by the statutes, and if the authorities undertake to appropriate property in any other way, equity will restrain the act.
2. If there be a conflict of evidence upon the facts, this Court will not, except in a very strong case, control the discretion of the Circuit Judge in granting or refusing an injunction until the hearing.

Injunction. Constitutional law. Before Judge STROZIER. Decatur Superior Court. November Adjourned Term, 1872.

Daniel Humphrey filed his bill against the Board of County Commissioners for the county of Decatur, and the corporation of the city of Bainbridge, making substantially the following case:

Complainant is the owner of a ferry on the Flint river, near the city of Bainbridge, and of a body of lands extend-

ing above and below said ferry a considerable distance. He purchased said lands because of the existence of said ferry on them, and paid largely more than they were worth for agricultural or other purposes. Complainant and his lessors have maintained said ferry and enjoyed the exclusive right of ferriage for more than a mile above and below the same for more than twenty years. Defendants threaten to erect a free ferry on said river about one-quarter of a mile above complainant's ferry, and on his said land, and in pursuance of said threat have dug down the banks of the river preparatory to the erection and maintenance of said free ferry. Defendants are also proceeding to open roads over the land of complainant to said contemplated ferry without having made any tender to complainant of a sum of money to cover the damage occasioned to him by their said conduct. Complainant charges that if said free ferry is erected as threatened, the damage to him will be inestimable. He waives discovery, and prays that the writ of injunction may issue.

The corporation of the city of Bainbridge answered the bill, denying any connection whatever with the erection of the free ferry complained of.

The answer of the Board of Commissioners set forth the powers vested in it by the Act of the General Assembly, under which it was created; denies that complainant owns any portion of the land on which said free ferry is to be erected, or said roads located; alleges that complainant has forfeited all of his ferry privileges by his failure to keep posted a board of rates of toll charges; charges that if complainant does own said land, defendant has been and is now ready to pay to him any damage that he will sustain by the erection of said free ferry and the location of said roads; that although complainant has had full notice of the intentions of defendant as to said ferry, he has failed to take the necessary and proper steps to have the damages assessed as pointed out by the statute.

The affidavits of I. Gordon Bradwell and Masten O'Neal were filed in support of the answers. Bradwell deposed "that

the east bank of the river at said contemplated free ferry belongs to and is the property of Daniel Bradwell; that some years ago Humphrey bargained with said Daniel Bradwell for said east bank at the place above designated, but did not pay for or receive any deed to the same, and has since cancelled said bargain; and that the west bank of the river at said designated free ferry belongs to George Dickinson, or his wife or family."

Masten O'Neal deposed, "that complainant told deponent two weeks previous to the action of the county board in regard to the free ferry and roads, which complainant filed his bill to restrain erection of, that he, complainant, knew of the day when said board would take such action, and intended to appear before them on that day to arrange the matter."

The affidavit of complainant was filed to the effect, "that he has received from no person or corporation whatever, any notice of an intention to establish a free ferry on Flint river, more than deponent's seeing advertised or hearing of an advertisement of the clerk of the board of county commissioners for bids to build the same."

Upon the argument of the motion for an injunction, there was used an extract from the minutes of the corporation of the city of Bainbridge, showing that a committee had been appointed on behalf of said city to confer with the county commissioners, with power to act, in reference to the matter of a free ferry on Flint river.

The Court granted the injunction as prayed; whereupon defendants excepted, and assign said ruling as error.

BOWER & CRAWFORD, for plaintiffs in error.

GURLEY & RUSSELL, for defendant.

MCCAY, Judge.

Nothing is better settled than that private property cannot be taken for public uses, except under the forms and by due course of law. This bill and answer and affidavits are full of

conflicting statements. It is uncertain, especially, whether the public authorities have or have not pursued the law providing how land shall be taken and paid for to make a road. Amid these conflicting statements it was only proper that the Court should hesitate to believe, with positiveness, either *side*, and should conclude to keep things as they are until a jury can pass upon the facts, with witnesses duly sworn and cross-examined before it. We think here was no abuse of discretion. The ferry can well wait.

Judgment affirmed.