JANES *et al. v.* CHEROKEE LODGE, No. 66, F. & A. M.

1. That a deed which made no mention of or reference to any will, and which purported to convey a designated fractional interest in specified realty located in this State, also purported to convey all the grantor's interest therein by inheritance from a named deceased person, or otherwise, does not estop the grantee from setting up, as against persons claiming exclusively under an alleged will of such decedent, undertaking to devise such realty, that the instrument was void as a will because not attested according to the laws of this State, although upon the theory that it was void the grantor, at the time of executing the deed, had no interest in or title to the realty in question.

2. It being conceded that unless the defendant in this case was estopped from disputing the validity of the alleged will under which the plaintiffs claimed, they had no right to recover, the court did not err in directing a verdict in favor of the defendant.

Argued March 16, — Decided April 11, 1900.

Complaint for land.   Before Judge Reagan.   Floyd superior court.   January term, 1899.

*Wright & Ewing, Fielder & Mundy,* and *Dean & Dean,* for plaintiffs.   *Max Meyerhardt,* for defendant.

COBB, J.   Mary J. Janes and others brought an action against the defendant, a Masonic lodge, to recover a city lot located in Rome, Georgia.   Upon the trial the following facts appeared: The will of Ambrose Mills was executed in 1845.   It was probated and admitted to record in the State of North Carolina in 1849, and contained an item which devised to his daughter, Jane A. King, the property in controversy, to be held by her " during her natural life, for the use and support of herself and children, and at her death said property . . to be equally divided among the heirs of her body. "   To this will there were only two witnesses.   Jane A. King caused a certified copy of this will to be recorded in the office of the ordinary of Floyd county, where the property was located.   She died in 1890, having had born to her eight children, three of whom died before she died, leaving children.   The plaintiffs in the present case are the children of these three children, viz.: Rebecca Hill, who was born in 1838 and died in 1879 ; Eva Gibson, who was born in 1836 and died in 1885 ; and Mary L. Ross, who was born in 1830 and died in 1884.   In 1869 the eight children of Jane A. King conveyed all of their interest in the property in controversy to Turner A. Cleaves, and in the record are deeds showing that the defendant is the successor in title of Cleaves.   The deed from Rebecca Hill conveyed a one-eighth interest in the property, and also " all the rights which said Rebecca A. Hill has by inheritance from her grandfather, Ambrose Mills, or in any other way. "   The deed from Eva Gibson conveyed a one-eighth undivided interest in the property.   The deed from Mary L. Ross conveyed a one-eighth interest in the property, the grantor describing her interest as being " all the interest I have by inheritance from my grandfather or by deed of gift or otherwise from my mother, or in any other way, and also all the interest of my children in said property. "   The judge directed a verdict in favor of the defendant, and to this the plaintiffs excepted.

1. The will of Ambrose Mills not having been executed according to the laws of Georgia, title to realty situated in this State would not pass thereunder. *Knight* v. *Wheedon,* 104 *Ga.* 309. It was not contended that the will was operative in this State, but the position of counsel for plaintiffs was, that as Mrs. King had recognized the will as valid, and as it appeared from the language used in the deeds from her children to Cleaves that they had also treated the property as passing under the will, they and those claiming under them would be estopped to deny the validity of the will, and that the defendant, who claims under Cleaves, would be likewise estopped. Let it be conceded that the law is, that one who expressly recognizes as valid a will which is not valid, and who in terms conveys an interest in property as having been acquired under such will, would be estopped from denying the validity of the will, and that his grantees would be likewise estopped. There is not a word in the deeds from the parents of the plaintiffs in the present case to Cleaves which refers to the will of Ambrose Mills, and the only statement in any of the deeds which would connect the conveyance in any way with the will is that a one-eighth interest is conveyed in each one, which might in a certain contingency have been the interest which they would have acquired under the will of Ambrose Mills. Construing the language used in the deeds most favorably to the plaintiffs, it would give rise to a mere conjecture that the parties were dealing with the property as if their title had been derived through the will. An estoppel must have more than this for its foundation. What what was done by Jane A. King and her children other than the parents of the plaintiffs would not have the effect of estopping Cleaves or his successor in title, the defendant, from setting up against the plaintiffs the invalidity of the will. Neither the parents of the plaintiffs nor their grantees would be bound in any way by what the other children of Jane A. King did, nor would any of the children of Jane A. King be bound by her voluntary act in having a certified copy of the will recorded in this State. There being no law authorizing the record of a certified copy of such will in this State, its presence in the office of the ordinary of Floyd county would not be notice to any one,

and its being so recorded, if it had any effect at all, would certainly not affect the rights of any one save those directly connected with or concerned in having the record made. Even if it be conceded that Jane A. King would be estopped from setting up title to the property except as the will provided, there is nothing in the deeds of any of the children which would amount to an election to claim under the will, and therefore the grantee in these deeds acquired whatever interest the grantors had, no matter from what source it may have been derived.

2. The plaintiffs in the present case depended entirely for a recovery upon the will of their great-grandfather, and consequently what their rights may be as heirs at law is not determined in the present case. The court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. All the Justices concurring.*