## JANES et al. v. DOUGHERTY, administrator.

1. A will with only two witnesses is absolutely void as a muniment of title to realty in this State; and a judgment of probate can not give it any validity.
2. While a party may be estopped, under certain circumstances, from asserting the invalidity of a will, there was nothing in the present case which would

authorize a finding that such an estoppel had arisen in favor of the plaintiffs against the defendant.

3. There was no error in any of the rulings on evidence, which were complained of ; and the court did not err in granting a nonsuit.

Argued April 22, — Decided May 13, 1905.

Complaint for land.    Before Judge Bartlett.    Floyd superior court.    November 28, 1904.

The petition alleged, in substance: Ambrose Mills died in North Carolina, and his will, which was executed according to the laws of that State, was duly probated and admitted to record there in 1849.    He thereby devised to his daughter, Jane A. King, certain town lots in Rome, Georgia, one of which is the land sued for, to be held by her "during her life, for the use and support of herself and children, and at her death said property . . to be equally divided among the heirs of her body."    She caused a copy of the will to be recorded in the office of the ordinary of Floyd county in 1859, and took possession of the property as devisee for life, claiming no other interest in it.    The defendant is in possession of it, claiming that he purchased her life-interest. He had notice of the will when he bought this interest and before he bought any remainder interest in the property.    Although the will is attested by only two witnesses, he is estopped to deny its validity as to the remainder interests.    Jane A. King died in 1890. Some of the plaintiffs are her children, and the others are children of certain of her children who died in her lifetime.    They "claim said lot and rents of the same as devisees under said will, and not as heirs of said Jane A. King."    At the trial some of the plaintiffs withdrew from the case.    From the evidence introduced by the plaintiffs it appeared, that Ambrose Mills exercised acts of ownership over the lot in question, and that after his death Jane A. King took possession of it and claimed an interest in it under his will.    She had eight children, and during her life, at different times between 1871 and 1880, the defendant obtained conveyances of the interests of seven of them.    The other died in the lifetime of the mother.    Their deeds described these interests as undivided remainder interests, to take effect after the expiration of the life-estate of Jane A. King.    In 1880 Jane A. King, by a deed which recited that the remainder interests were in her children, conveyed to the defendant what was described as her "life-

interest, and no more," in the lot in question. None of the deeds referred to the will of Ambrose Mills or indicated how the life-estate and remainder interests were created.

A certified copy of the will of Ambrose Mills and of the probate proceedings in North Carolina, which was offered in evidence by the plaintiffs, was excluded by the court, on objection, on the ground that the will, having only two witnesses, was invalid in this State. The court excluded, as incompetent, the record of the will and of the North Carolina probate proceedings, as made in the office of the ordinary of Floyd county. The plaintiffs offered in evidence certified copies of the inventory and sale bill of the property of William E. Mills, "showing the disposition of the personal property . . willed him by his father, Ambrose Mills;" also a certified copy of the will of William E. Mills, showing the disposition of lands, in North Carolina, devised to him by his father. On objection these documents were excluded as irrelevant. The court granted a nonsuit. The plaintiffs excepted to each of the rulings stated.

*Seaborn & Barry Wright, Dean & Dean,* and *W. W. Mundy,* for plaintiffs. *Alexander & Hillyer,* for defendant.

COBB, J. A will executed in the presence of only two witnesses is inoperative to pass title to land in this State. The will is void as a muniment of title, the judgment admitting it to probate is a nullity, and no mere lapse of time will prevent one from urging the invalidity of the will and the probate. See *Janes* v. *Cherokee Lodge,* 110 *Ga.* 627, in which the will involved in the present case was adjudged to be inoperative; *Fortner* v. *Wiggins,* 121 *Ga.* 26, and cit.; *Castens* v. *Murray,* 122 *Ga.* 396. Counsel for the plaintiffs in error practically concede that they can not rely upon the will of Ambrose Mills as a muniment of title, but claim that the defendant and those under whom he claims are estopped from urging its invalidity. Persons interested in property which a void will purports to dispose of may be so situated that they will not be heard to urge the invalidity of the will. It is therefore to be determined whether in the present case the defendant, or Jane A. King, or her children under whom he claims would be estopped from asserting the invalidity of the will as against the plaintiffs. The plaintiffs expressly claim as

devisees under the will, relying upon this estoppel. They in terms disclaim any interest in the property as heirs of Jane A. King. If the proof fails to show that they have a right to recover upon the theory of estoppel, then the nonsuit was proper, without reference to what, may have been their rights as heirs at law of Jane A. King. Estoppels must be mutual. Therefore Jane A. King and the defendant would each be estopped as against the other from asserting that any greater interest than a life-estate passed under the deed made by her to the defendant. But the recitals in this deed as to the interests of her children would not of themselves operate as an estoppel upon either party, unless one or the other acted upon them to his prejudice. So with the deeds from the children of Jane A. King to the defendant. Each would be estopped from asserting that any greater interest than a remainder in fee, subject to a life-estate in Jane A. King, passed under the deeds. But the recitals in the deed of one child would in no event operate as an estoppel upon another child who had made a similar deed, although there might be an estoppel as to the interest to which the deed refers. But in none of the deeds is any reference made to the will of Ambrose Mills, or to any other instrument which it is claimed creates the life-estate and remainders in the different conveyances. The grantors may have intended by these deeds to deal with the title as having been derived under the will of Ambrose Mills, but there is nothing to indicate that the defendant so intended. The grandchildren of Jane A. King, who are plaintiffs, had no transactions whatever with the defendant in reference to the property, and they have not changed their situation on the faith of any recitals in the deeds from the children of Jane A. King; and there can certainly be no estoppel in favor of the grandchildren which would prevent the defendant from urging the invalidity of the will under which they claim. He did buy from her daughter, Jennie Messenger, one of the plaintiffs, but for the reasons above stated there would be no estoppel in that plaintiff's favor against him. The defendant was willing to purchase the life-estate of Jane A. King, and it was immaterial to him how this estate was created, whether by a person from whom she derived title, or whether it was an estate of her own creation. So he was willing to purchase from the children what they described as a remainder in-

terest, and it was immaterial to him how this estate was created, or whether it existed at all, so long as he obtained a conveyance which would estop them from asserting any future interest in the property.    There is nothing in the present record to make a case where parties have dealt with property as having been disposed of by an invalid will in such a way that they are estopped from denying the validity of the will.    The plaintiffs have no right to recover, as the will which they relied upon as a muniment of title is absolutely void.    The manner in which William E. Mills dealt with the property derived from his father's estate was immaterial to the present investigation, and the evidence offered in relation to the same was properly rejected.    There was no error in rejecting the will of Ambrose Mills, nor in granting a nonsuit.

*Judgment affirmed.    All the Justices concur, except Candler, J., absent.*