KAISER *v.* KAISER, executor, *et al.*

No. 9623.   FEBRUARY 14, 1934.   REHEARING DENIED MARCH 3, 1934.

*Jones, Fuller, Russell & Clapp* and *Arnold, Arnold & Gambrell,* for plaintiff.

*Spalding, MacDougald & Sibley* and *Brandon, Hynds & Tindall,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) The petitioner attacks the division made by the court of ordinary, upon the ground that she is entitled to receive one fifth of an alleged surplus which justly belongs to her as income. She complains of a general conspiracy between all the defendants to diminish her interest in the estate of the testator which was intended for and devised to her. She contends that in pursuance of this conspiracy her trustee interposed no objection to the proceeding in the court of ordinary, or to the action proposed in that court by the executors. The acts of fraud, waste, and mismanagement alleged in the petition as having been committed in furtherance of the alleged conspiracy between the defendants are set forth in the statement above.

It is plainly to be seen that there is a misjoinder of parties, and that the petition is multifarious in setting forth inconsistent causes of action in the respect that it appears from the petition itself that some of the defendants did not participate in some of the wrongs alleged. We think it is clear that the court did not err in sustain-

ing the demurrers. This brings us to the point of inquiring whether the court erred in dismissing the petition as a whole. Although the jurisdiction of the court of ordinary in making the division in kind was attacked, the contention of the plaintiff is that the division in kind could not be effected in that court, because a construction of the will necessarily antecedes any division in kind, and that under a proper construction a division in kind as provided in the Civil Code (1910), §§ 4057-58-59, is impossible, and not within the jurisdiction of that court, and consequently the judgment was absolutely void. However, it must be borne in mind that while as a general rule estoppels are not favored, still estoppels by judgment are well recognized in our law. In the proceedings in the court of ordinary the plaintiff in this case was served. Her trustee, the First National Bank, was made a party and served with notice of the proposed proceeding. No appearance or objection was made; and after judgment no appeal was entered either by the plaintiff or by her trustee. The court of ordinary by express statute being clothed with jurisdiction generally to divide the property of decedents in kind, and being a court of original and competent jurisdiction for that purpose, it must be conclusively presumed that the court had before it all necessary and competent evidence to authorize the judgment. In these circumstances, the courts are always extremely loath to enter upon an investigation de novo. Especially is this true in the absence of fraud; and in this case, while there are frequent allegations of fraud, no sufficient facts are alleged to show that the charge of fraud is more than the conclusion of the pleader. The court was authorized to find that the judgment of the court of ordinary was not merely an estoppel by judgment, but really res adjudicata.

Numerous authorities are cited in the briefs, and many more might be collated, sustaining each of the above-mentioned bars to a reinvestigation of the merits of the judgment of the court of ordinary, but the principles are so well settled that we deem citation of authority unnecessary. This case is one in which the court of ordinary ordinarily has power to divide estates in kind, and many of the authorities note the distinction and the difference between such a case as this and cases where there is no express conference of jurisdiction, and no concurrence of jurisdiction on the part of courts of equity. The statute under which the judgment of the

court of ordinary was rendered in this case is in these words: "Whenever it is practicable, the ordinary may order a distribution of the estate in kind; which order may be granted on the application of the representative or any distributee of the estate. In all cases the applicant shall give at least twenty days written notice to all parties in interest within this State who are of age, and to the guardians, if any, of minor distributees, and shall also give notice to any persons in interest residing out of the State, by publication of the same at least twice a month for four months in one of the gazettes of this State." Civil Code (1910), § 4057. Sections 4058 and 4059 provide the machinery for carrying into effect the provisions of § 4057. Two features of this statute are especially to be noted: (1) The application may be made by the "representative" of the estate,—it is clearly intended to embrace executors as well as administrators. (2) The statute contemplates a proceeding for the distribution of the estate. It is not in the nature of a partition of specific property, but contemplates a final and complete distribution of the assets of the estate. The devisees and legatees are to receive their share, and all of their share of the estate not previously delivered to them. An order of the court of ordinary setting apart a given portion to a beneficiary necessarily constitutes a double-barreled adjudication that such beneficiary is entitled to the amount of property awarded, and that he is not entitled to more than that awarded him. This statutory proceeding is really a legal substitute for the final division and final settlement of accounts by an administrator or an executor. It constitutes the last step in winding up an estate, with the stamp of judicial approval on the distribution of the estate as made by the representative. It differs from a final approval and settlement of an administrator's account after the division of an estate only in that it permits the delivery of the assets in kind and relieves the administrator from the necessity of reducing them to the form of cash. Under the Code, § 4597, the representative may ask the direction of the court in cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, but not on imaginary difficulties or from excessive caution. Where the duty of the executor is clear, equity will not even entertain jurisdiction. *Adams* v. *Dixon*, 19 *Ga.* 513 (65 Am. D. 608).

What is the essential test of jurisdiction of the subject-matter?

"In accordance with the general rule as to presumptions in favor of jurisdiction as against collateral attack, it is usually held that where a court has jurisdiction of cases ejusdem generis, its judgment in any case is not merely void; because its invalidity can not appear without inquiry into the facts, an inquiry which the court itself must be presumed to have made, and which will not, therefore, be permitted to be reviewed collaterally." 15 R. C. L. 863, § 337. In 7 R. C. L. 1029, § 57, it is said: "Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs. As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading, but on the contrary the jurisdiction of a court in no way depends on the sufficiency or insufficiency of the pleadings, and if the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." If the particular case falls within the general class of which the court has jurisdiction, then it is necessary to look to the particular case to find grounds for ousting the jurisdiction of the court. This is what the courts generally refuse to do. Broadly, they lay down the rule that if the court has the jurisdiction to enter upon the inquiry in respect to the issues involved, then the court has jurisdiction of the subject-matter. The result is not altered by the fact that the court may arrive at an utterly erroneous conclusion. Any other rule would leave open to investigation the particular facts and the particular pleadings of every case before the issue of jurisdiction could be resolved, and such a rule would result in great confusion and largely undermine the application and effect of res adjudicata.

The well-recognized principle that the court of ordinary in Georgia is a court of record and of general jurisdiction, and that every intendment will be indulged in favor of judgments of this court, is stated in *Bush* v. *Lindsey,* 24 *Ga.* 245 (71 Am. D. 177), and *Stuckey* v. *Watkins,* 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47). Since of necessity every court of general jurisdiction has to determine, as the first question in a case presented to it, whether or not it has jurisdiction, this is always implied, whether it appears

on the record or not. *Milner* v. *Neel,* 114 *Ga.* 118, 121 (39 S. E. 890). Though in Georgia, as in many other jurisdictions, it is the rule that a direct proceeding to construe a will must be brought in a court of equity, still, wherever the issue has been made in other jurisdictions, it has been ruled that where the construction of a will is incidentally involved in a proceeding over which the probate court has jurisdiction, this court has jurisdiction under such conditions to interpret the will so far as may be necessary in the proceeding before it. Schouler on Wills, § 3416; Riggs *v.* Cragg, 89 N. Y. 480; Purdy *v.* Hayt, 92 N. Y. 446; In re Sjurson's Estate, 29 S. D. 566 (137 N. W. 341); Calhoun *v.* Cracknell, 202 Mich. 430 (168 N. W. 547); Thompson *v.* Lake Madison Asso., 41 S. D. 351 (170 N. W. 578); Carter's admx. *v.* Skillman, 108 Va. 204 (60 S. E. 775).

The effect of the judgment of the court of ordinary is res adjudicata. If the court of ordinary had jurisdiction of the application to divide the estate, the judgment of the court is a determination that the estate should be divided, and that it was not to be held together in trust by the executors. This conclusion is obvious. This court has ruled in numerous cases that judgments of the court of ordinary can not be collaterally attacked. This is not a direct proceeding to set aside the judgment for fraud or for any of the reasons for which a judgment in one court can be attacked in another. The judge did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*