MITCHELL *v.* ARNALL *et al.*

JENKINS, Chief Justice. A son, alleged to have been born after the execution of the will of his father, which made no provision for after-born children, and which left the entire estate to his wife, brought suit in ejectment against those purchasing for value from antecedent purchasers

for value under a foreclosure against the mother, on the faith of the probate in solemn form of said will after the child had been made a party to the probate proceeding by the appointment of a guardian ad litem, who by his answer in that proceeding stated that after investigation he knew of no legal reason why the will should not be proven as prayed. Embodied in the petition for probate by the person nominated as executor were allegations as to the date of the will, the age of the son, and the date of the death of the testator, which taken together would amount to an averment by the petitioner for probate that the child was born after the execution of the will. The judgment of the court of ordinary probating the will in solemn form was set aside in a proceeding instituted several years after the probate, but long after the innocent purchasers had already acquired title on the faith of such judgment. The court sitting as both judge and jury under an agreed statement of facts found in favor of the defendant, to which judgment the plaintiff in the ejectment suit excepts. *Held:*

1. "In all cases, the marriage of the testator or the birth of a child to him, subsequently to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will." Code, § 113-408.

2. The probate of a will in solemn form is "conclusive upon all the parties notified, and all the legatees under the will who are represented in the executor." Code, § 113-602.

3. "A void judgment may be attacked in any court and by any person. In all other cases judgments may not be impeached collaterally, but must be set aside by the court rendering them." Code, § 110-701.

4. A judgment of a court having jurisdiction of both the parties and the subject-matter, however irregular or erroneous, is binding until set aside. *Freeman* v. *Bass,* 34 *Ga.* 365 (89 Am. D. 255); *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761); Code, § 110-708.

5. Every presumption will be indulged in favor of the validity of a judgment rendered by a court having jurisdiction of the subject-matter and the parties; and until set aside in a manner prescribed by law, will be given effect. *Stuckey* v. *Watkins,* 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47); *Kaiser* v. *Kaiser,* 178 *Ga.* 355 (173 S. E. 688). In the *Kaiser* case this court said that the judgment of the court of ordinary there considered was not void "because its invalidity can not appear without an inquiry into the facts, an inquiry which the court itself must be presumed to have made, and which therefore will not be permitted to be reviewed collaterally." In the body of the opinion the court quotes with approval from 7 R. C. L. 1029, § 57, as follows, "As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading, but on the contrary the jurisdiction of a court in no way depends on the sufficiency or insufficiency of the pleadings, and if the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." The court also in that case applied the well-recognized principle "that the court of ordinary in Georgia is a court of record and that every

intendment will be indulged in favor of judgments of this court." Citing *Rush* v. *Lindsey*, 24 *Ga.* 245 (71 Am. D. 117), and *Stuckey* v. *Watkins*, 112 *Ga.* 268 (supra).

6. "If one with notice shall sell to one without notice, the latter shall be protected; or if one without notice shall sell to one with notice, the latter shall be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." Code, § 37-114.

7. The question involved in this suit in ejectment by the alleged after-born son is whether the judgment admitting the will to probate in solemn form was void or merely erroneous or voidable.

8. In ordinary suits all averments made in a petition by which a plaintiff seeks to establish his own rights are binding upon him until and unless stricken by amendment with the result that he is powerless to dispute them. *Lydia Pinkham Co.* v. *Gibbs*, 108 *Ga.* 138, 141 (33 S. E. 945); *Alabama Midland R. Co.* v. *Guilford*, 114 *Ga.* 627 (40 S. E. 794); *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.*, 140 *Ga.* 321 (2) (78 S. E. 900).

9. This rule could not, however, have controlling force and effect, where an individual nominated as executor under a will valid on its face offers it for probate. In such a case it is not only the duty of one thus nominated to offer it for probate (Code § 113-610), but it is the duty of the court of ordinary, with all the parties at interest before it, to adjudicate whether the will be in fact valid or invalid; and it is not the function of one nominated as executor to preclude the rights either of legatees or heirs, by making voluntary allegations such as would foreclose the rights of either. On the contrary, the Code specifically declares that admissions by an executor before qualification shall not be admissible to impeach the will. Code, § 113-616. If the individual nominated as executor could thus preclude all parties at interest, he would be the final authority, and there would be no point in having the ordinary to hear evidence and then adjudicate the rights of parties under the instrument offered for probate.

10. In accordance with the foregoing principles of law, the court sitting as both judge and jury did not err in holding under the agreed statement of facts in this suit in ejectment that the son, who is now shown to have been born subsequently to the execution of the will, was not entitled to recover in ejectment against a purchaser for a valid consideration who relied on the judgment of the court of ordinary probating the will in solemn form, and who purchased prior to any proceeding to set aside such judgment. This is true, even though the will may have contained nothing to indicate that it was executed in contemplation of the after-birth of a child, and even though the petition of the person nominated as executor may have contained voluntary allegations as to the age of the child, as well as the date on which the testator died, which allegations by that petitioner in the probate proceeding, if binding upon the legatee under the will and her purchasers for value, would indicate that the child now suing was born subsequently to the execution of the will. This is true for the reason that it must be assumed in support of the judgment, on which the innocent purchaser relies, that the court of ordinary found, even though it now appears erroneously,

contrary to the voluntary allegations of the propounder of the will which went to indicate that the child was born after the will had been executed. Whether that court erred in so finding, as it now appears it must have done, does not deprive one acting in good faith upon such a solemn judgment, and before it is set aside, of the protection that such an adjudication affords. To hold otherwise would strike down the plain and long-established rules as to the sanctity of judgments rendered by a court of competent jurisdiction of the subject-matter and the parties; and would require all persons investigating the validity of titles to inquire not only as to whether judgments establishing muniments of title were void, but also to seek out and ascertain for themselves whether under the evidence such a judgment as rendered was in fact *correct*.

(*a*) What is here held is not in conflict with the ruling of this court in *Janes* v. *Dougherty*, 123 *Ga*. 43 (50 S. E. 954), wherein the court held: "A will with only two witnesses is absolutely void as a muniment of title to realty in this State; and a judgment of probate can not give it any validity." In that case no presumption could be indulged in favor of the judgment of probate which could under any possible theory make an instrument a valid will which showed on the face of the proffered will itself that it contained only two witnesses.

(*b*) Nor is the present ruling in conflict with what was held by this court in *Saliba* v. *Saliba*, 201 *Ga*. 681 (40 S. E. 732). Here the question is not, as it was in that case, whether the judgment of probate might be set aside at the instance of the after-born child; but the question here relates to the rights of innocent purchasers for value and those claiming under them who acted on the faith of such a judgment *before* any proceeding to set aside was instituted.

11. The ruling in favor of the defendant in error on the questions hereinbefore dealt with being controlling, it is therefore unnecessary to deal with his additional contention that in no event could the plaintiff in error prevail, for the reason that his father owned only an equity in the property (subject to two outstanding security deeds), and that the record fails to show that such equity had any value whatever.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents, Wyatt, J., who took no part in the consideration or decision of this case, and Candler, J., disqualified.*

No. 16144. MARCH 18, 1948.

*Charles G. Bruce* and *Mitchell & Mitchell*, for plaintiff.

*Grant Wiggins, Grizzard & Smith*, and *J. F. Kemp*, for defendants.