THE STATE OF GEORGIA, *ex rel.* DAWSON, Solicitor-General, *v.*

DENMARK *et al.*

CANDLER, Justice. A motion has been made to dismiss the writ of error for want of service. On this question the record shows only this: On June 19, 1948, a proposed bill of exceptions was tendered to the trial judge for approval, in which Roscoe Denmark, George Young, Luppert, Dasher, Joe Smith, Colon Manning, and Harry Johnson were named defendants in error. On the same day the judge ordered the Sheriff of Liberty County to serve a copy of the proposed bill of exceptions, together with his order, upon each of the defendants in error, and directed them to show cause, if any they had, within 10 days from the date of service, why he should not sign and certify the bill of exceptions as tendered. On June 26, 1948, T. E. Dawson and B. D. Dubberly, attorneys of record for Roscoe Denmark, Colon Manning, and George Young, acknowledged service for Denmark and Manning, but not for Young. On June 28, 1948, a deputy sheriff of Liberty County served a copy of the proposed bill of exceptions and the judge's order of June 19, 1948, on Luppert Dasher and Harry Johnson, and on June 29, 1948, like service was perfected on Joe Smith. On July 14, 1948, the bill of exceptions, as tendered, was signed and certified. There was no further service made on any of the defendants in error after the bill of exceptions was signed and certified, nor waiver thereof. *Held:*

1. Under the ruling in *Meadows* v. *Simmons,* 155 *Ga.* 834 (118 S. E. 425), the acknowledgment of service by Attorneys Dawson and Dubberly was not binding upon their client, George Young, for whom they did not undertake to waive service of the bill of exceptions.

2. There was no service of the bill of exceptions, as required by the Code, § 6-911, on the defendants in error Dasher, Johnson, and Smith. Compliance with the new rule of practice and procedure of 1946 (Ga. L. 1946, pp. 726-734, Code, Ann. Supp., §§ 6-908.1, 6-909), requiring reasonable

notice to the defendant in error of a tendered bill of exceptions so that he may be heard on the question as to whether or not it is correct and complete, does not dispense with the necessity of serving the defendant in error with a copy of the bill of exceptions after it is signed and certified. *Mauldin* v. *Mauldin*, 203 *Ga.* 123 (45 S. E. 2d, 818).

3. This court has no jurisdiction, and must dismiss the writ of error where any person named as a defendant in error has not been legally served with a copy of the bill of exceptions after it is signed and certified, there being no acknowledgment or waiver thereof in the record. *Mauldin* v. *Mauldin,* supra.

*Writ of error dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16364.   October 13, 1948.

Daniel Duke and R. L. Dawson, for plaintiff.

B. D. Dubberly, W. C. Hodges, C. L. Cowart, T. E. Dawson, and Paul E. Caswell, for defendants.