CRAWFORD *v.* JONES.

WYATT, Justice. This is a habeas corpus case involving the custody of a seven-year-old child. Briefly, the rather complicated factual situation is as follows: The petitioner is the mother of the child, who is an illegitimate. After the child's birth, the petitioner consented to its adoption by the petitioner's aunt and uncle, and the child was legally

adopted. Thereafter, the adoptive mother died. The adoptive father remarried. In the meantime, the petitioner, after the birth of the child and after its adoption, married the putative father of the child. On March 23, 1949, the putative father and the natural mother of the child visited the home of the adoptive father; and while they were there, the putative father killed the adoptive father, and the putative father is now incarcerated, charged with murder. The natural mother of the child is seeking custody from the adoptive father's second wife, who was not a party to the adoption proceedings. On the trial, the undisputed evidence established the foregoing facts, and further established that both the petitioner and the respondent are fit and proper persons to rear the child and are amply able to provide for the child's support. Numerous witnesses established the good character of both parties, and there was no evidence to the contrary. The trial judge entered a decree, finding that both the petitioner and the respondent were "equally fit to care for said child and that neither of said parties have the legal right or custody of said child, and the court finding from the evidence that it would be for the best interest and welfare" of the child that it be awarded to the natural mother, it was decreed that the natural mother should have custody of the child. To this judgment the respondent excepted. *Held:*

1. In the brief of counsel for the plaintiff in error, it is stated: "Shortly prior to his death, the adoptive father and respondent entered into an oral agreement that respondent would adopt the child, thereby making her the adopted child and legal heir of respondent. There was a virtual adoption of said child by respondent, consented to by the adoptive father." Much of the argument by counsel for the plaintiff in error is devoted to this contention. A diligent search of the record reveals no evidence whatever with respect to such an agreement, nor evidence in the least tending to show a virtual adoption. The evidence shows only that the child lived in the home with the respondent prior to the death of the adoptive father, and since that time she has been in her custody. No question with respect to a virtual adoption is involved in this case.

2. Under the circumstances, as between the parties neither had a prima facie legal right of custody of the child; and the trial judge having found, upon sufficient evidence, that the petitioner was a fit and suitable person to take care of the child and had sufficient means to maintain such child, and the respondent having shown no better right, there was no abuse of discretion in awarding the child to its natural mother. *Judgment affirmed. All the Justices concur.*

No. 16727. SEPTEMBER 15, 1949.

*Frank Grizzard* and *Kelly, Zellars & Foster*, for plaintiff in error.