## McGREGGOR *v.* W. L. FLORENCE CONSTRUCTION CO.

HAWKINS, Justice. 1. While a compliance with the rule of practice and procedure of 1946 (Ga. L. 1946, pp. 726, 735; Code, Ann. Supp., §§ 6-908.1, 6-909), requiring reasonable notice to the defendant in error or his counsel of the intention to present a bill of exceptions to the trial judge for certification, so that the opposite party may be heard on the question as to whether or not the proposed bill of exceptions is correct and complete, does not dispense with the necessity of serving the defendant in error with a copy of the bill of exceptions after it is certified, as required by Code § 6-911—where there is no acknowledgment or waiver of service (*Mauldin* v. *Mauldin*, 203 *Ga.* 123, 45 S. E. 2d, 818; *West Lumber Co.* v. *Harris*, 204 *Ga.* 343, 50 S. E. 2d, 15; *Henry* v. *Gillis*, 204 *Ga.* 397, 50 S. E. 2d, 73; *State ex rel. Dawson* v. *Denmark*, 204 *Ga.* 464, 49 S. E. 2d, 898; *Irwin* v. *LeCraw*, 206 *Ga.* 702, 58 S. E. 2d, 383), such service may be waived, for, what is commonly referred to as the

"Bleckley Act" (Ga. L. 1911, p. 149, Code, § 6-912) provides: "Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver. of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him. If such acknowledgment of service shall be properly entitled in the cause, it need not be physically attached to the bill of exceptions." Where, as in this case, counsel for the defendant in error, prior to the presentation or certification of the bill of exceptions, sign an acknowledgment and waiver as follows: "Undersigned approve the foregoing bill of exceptions as correct and complete as to the averments of fact therein contained, waive the privilege of notice under rule number 7 of the Rules of Practice and Procedure for appeal or review, acknowledge due, timely, and legal service of the within bill of exceptions, have received copy, and waive all other and further notice or service in the premises as provided by Georgia Laws 1911, at pages 149 to 151, inclusively," this constitutes an express waiver of service of the bill of exceptions as required by Code § 6-911. The motion to dismiss the bill of exceptions for want of service thereof after it was signed, is, because of such waiver, without merit. *Bush* v. *Smith,* 77 *Ga. App.* 329 (48 S. E. 2d, 582).

2. While a statutory remedy in derogation of the common law must be strictly pursued (*Banks* v. *Darden,* 18 *Ga.* 318 (3)), and while the public cannot appropriate private property to public use unless it pursues the mode pointed out by the statutes, and if the authorities undertake to appropriate property in any other way equity will restrain the act (*Board of Commissioners of Decatur County* v. *Humphrey,* 47 *Ga.* 565; *City of Blue Ridge* v. *Kiker,* 190 *Ga.* 206, 9 S. E. 2d, 253; *Botts* v. *Southeastern Pipe-Line Co.,* 190 *Ga.* 689, 10 S. E. 2d, 375; *Harrell* v. *Southeastern Pipe-Line Co.,* 190 *Ga.* 709, 10 S. E. 2d, 386), the plaintiff's petition in this case showing that the defendant construction company was proceeding to construct a State-aid road project under contract with the State Highway Department upon land alleged to belong to the plaintiff, and the petition further alleging that the State Highway Department, in the summer of 1950, commenced in Crisp Superior Court a proceeding to condemn the property of the plaintiff in connection with that project, and that an award by the assessors in the condemnation proceeding dated September 26, 1950, was ordered filed in the clerk's office by Crisp Superior Court on October 7, 1950, to which order and judgment of the court in the condemnation proceeding the plaintiff duly excepted pendente lite upon the ground that such order and filing were after the expiration of the time fixed by law for the filing of an award by assessors, and also entered an appeal from the award in terms of Title 36 of the Code of Georgia of 1933, which said proceeding and appeal were still pending in Crisp Superior Court at the time of the filing of the present equitable petition to enjoin the defendant contractor—such award by the assessors and the order and judgment of the court directing the filing .thereof were judgments rendered by a competent tribunal to fix the rights and liabilities of the

parties to the proceedings with respect to the matters and things involved (*Thomas* v. *Central of Georgia Ry. Co.,* 169 *Ga.* 269, 149 S. E. 884), and even if erroneous, as contended by the plaintiff, were binding upon him until reversed or set aside (*Mitchell* v. *Arnall,* 203 *Ga.* 384 (4), 47 S. E. 2d, 258), and could not be collaterally attacked in the plaintiff's equitable petition for injunction. *Hogg* v. *City of LaGrange,* 202 *Ga.* 767 (44 S. E. 2d, 760); *Georgia Power Co.* v. *Fountain,* 207 *Ga.* 361 (61 S. E. 2d, 454).

3. The trial court having properly sustained the defendant's general demurrer and dismissed the petition, the dissolution of the temporary restraining order previously granted and the refusal of an interlocutory injunction necessarily followed such judgment. In this view of the case, it is unnecessary to pass upon the request of the defendant that this court require its answer sent up as a necessary part of the record.

*Judgment affirmed. All the Justices concur.*

No. 17474. Submitted May 14, 1951—Decided June 11, 1951—Rehearing denied July 10, 1951.

*Davis & Friedin,* for plaintiff.

*Wright & Reddick, H. C. Schroeder,* and *George D. Anderson,* for defendant.

*Cam Dorsey* and *W. V. Rice,* for person at interest, not party.