34884. COLLIER *et al. v.* JOHNSON *et al.*

CARLISLE, J. 1. While, under the provisions of Code (Ann. Supp.) § 74-403 (Ga. L. 1941, p. 301), no child may be adopted in this State without the written consent of its living parents, such consent is dispensed with where the living parents of a child have surrendered all their rights to the child to a court of competent jurisdiction for adoption. Code (Ann. Supp.) § 74-404 (Ga. L. 1941, p. 301; 1950, pp. 289, 290).

2. Where, upon the final hearing of a proceeding to adopt such a child as indicated in division 1, the natural parents of such child interpose objections to the adoption, and it appears from the evidence introduced upon such hearing that the child to be adopted was born to the working mother of four other children on February 19, 1952, that the mother was earning approximately $30 per week after the birth of the child, and was receiving no support from the father of the children, that she applied to the Welfare Department of Savannah for assistance, but was informed that she could not be assisted by the department unless she signed a warrant for her husband's arrest for non-support, which she did, and her husband was arrested and ordered to pay her $25 per week and, upon his failure to do so, was placed in jail, where he remained until May 1953, that the adopting parents made several offers to the mother to adopt the child and assist the mother in her financial distress, which she refused, that the Juvenile Court of Chatham County ordered the child committed to the Children's Home of Chatham County on July 11, 1952, as a neglected child, and on August 8, 1852, that court entered the following judgment concerning the child: "Whereas, said child was by order of this court on July 11, 1952, committed to the Children's Home of Chatham County, Ga., as a neglected child, and on July 15, 1952, said child was released from the Children's Home, and committed to the Doty Nursery for necessary supervision and care, and it being made to appear to the court, that the parents of said child . . . on August 4, 1952, surrendered in writing, all of their parental rights over said child, to the Juvenile Court of Chatham County, Ga., and requested that said child be placed in some good family home for

adoption, and requested that she be placed in the home of . . . [the adopting parents], and it now being made to appear to the court that . . . [the adopting parents] of . . . [an Atlanta, Georgia address], have offered a free home for said child, and agree to accept, care for, and protect her, and it being established that . . . [the adopting parents] are of good moral character, and financially able to have the care and custody of said child, and that it would be to the best interest and welfare of said child to place her in some good family home, it is, therefore, ordered that said child be, and she is hereby released from the Doty Nursery and committed to the care and custody of the said . . . [adopting parents] as in a free home. It is further ordered that supervision of the said child in the home of the . . . [adopting parents] is hereby transferred to the Fulton County Juvenile Court"; and it further appears from the evidence that the adopting parents have had the child in their home for almost a year, and that there is no question of their fitness to care for the child—it does not appear that the trial judge erred in granting the application for adoption or abused his discretion in doing so.

3. The judgment of the Juvenile Court of Chatham County recites that the parents of the child surrendered all their parental rights to the child to that court for the purpose of having the child adopted, and this the parents cannot deny in the adoption proceeding (*Criswell* v. *Jones,* 60 *Ga. App.* 81, 82, 3 S. E. 2d 115; *Williams* v. *Simmons,* 79 *Ga.* 649, 7 S. E. 133; *Mitchell* v. *Arnall,* 203 *Ga.* 384 (5) 47 S. E. 2d 258); and, having both lost their prima facie right to the custody of the child (*Sessions* v. *Oliver,* 204 *Ga.* 425, 50 S. E. 2d 54; *Crawford* v. *Jones,* 205 *Ga.* 764, 55 S. E. 2d 215), there was no abuse of discretion in the trial court's awarding the child, who was in custodia legis, to the adopting parents permanently. Nothing to the contrary was held in *Allen* v. *Morgan,* 75 *Ga. App.* 738 (44 S. E. 2d 500), *Herrin* v. *Graham,* 87 *Ga. App.* 291 (73 S. E. 2d 572), or *Keheley* v. *Koonce,* 85 *Ga. App.* 893 (70 S. E. 2d 522).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 21, 1953.

*McKenzie, Kaler & Schulman, R. Graham Waitt,* for plaintiffs in error.

*William Hall,* contra.

