### 38752. MILLER v. MILLER *et al.*

FRANKUM, Judge. 1. The plaintiff brought a suit in the Court of Ordinary of Gordon County to set aside a judgment which had been rendered in that court probating the will of John Thomas Miller in solemn form. The plaintiff did not ask for equitable relief. The construction or legality of the will was not involved. After a judgment was rendered in the court of ordinary against the plaintiff, he appealed the case to the Superior Court of Gordon County, and that court sustained a general demurrer to his petition, and the case was brought to this court. Under these facts this court has jurisdiction to review the judgment of the superior court sustaining the demurrer. *Reece v. McCrary,* 179 Ga. 812 (177 SE 741); *Thomasson v. Barber,* 191 Ga. 262 (11 SE2d 887); *Smith v. Bird,* 196 Ga. 191 (26 SE2d 181).

2. Prior to the enactment of Ga. L. 1959, pp. 136, 137, and Ga. L. 1959, p. 312, which amended *Code Ann.* §§ 113-602 and 24-2104, respectively, a will could not be probated in solemn form at a time other than during a regular term of the court of ordinary. Since these enactments became effective, a will may be probated in solemn form and letters testamentary thereupon issue in vacation, provided "all of the heirs at law are sui juris and shall acknowledge service of the petition and notice, and shall in such acknowledgment assent thereto . . ." *Code Ann.* § 113-602. The contention of the plaintiff that a will cannot be probated in solemn form at a time other than at a regular term of the court of ordinary is without merit.

3. "Probate in solemn form requires that 'all the witnesses' be produced, if they be in life and within the jurisdiction of the court." *Bloodworth v. McCook,* 193 Ga. 53 (17 SE2d 73). "To make out a prima facie case, and to be entitled to a judgment of probate in solemn form, the propounder must introduce at the hearing all the subscribing witnesses, if living and accessible, or proof of their signatures, if dead or inaccessible. *Code* § 113-602. They must be introduced, for examination, even though the propounder knows that their testimony will be unfavorable to him." *Spivey v. Spivey,* 202 Ga. 644, 649 (44 SE2d 224). To the same effect see *Brown v. Anderson,* 13 Ga. 171; Redfearn on Wills and Administration of Estates, § 114. "Upon the trial of an application to prove a will in solemn form, they [witnesses] are, all of them, unless accounted for, indispensably necessary witnesses; . . ." *Gillis v. Gillis,* 96 Ga. 1, 15 (23 SE 107, 30 LRA 143, 51 ASR 121); *Brown v. Anderson,* supra. The plaintiff alleges in his petition in this case, among other facts, that the judgment probating the will in solemn form is void and should be vacated and set aside because no proof of the will was produced before the court of ordinary other than the purported affidavits of two of the three witnesses to the will. A will cannot be probated in solemn form upon the affidavits of the subscribing witnesses to the will. *Brown v. Anderson,* 13 Ga. 171, supra. The defendants contend that since the plaintiff's petition in this case shows that the plaintiff acknowledged service of the application to probate said will in solemn form and assented that it be probated in sol-

emn form without further delay, the plaintiff is now estopped to attack the validity of the probate judgment. However, *Code Ann.* § 110-709 provides: "The judgment of a court having no jurisdiction of the person or subject-matter, or *void for any other cause,* is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." (Emphasis ours). Such assent does not operate as a waiver or an estoppel so as to prevent the plaintiff from pursuing a suit to set aside a void judgment of probate. The assent that the will be probated in solemn form amounts to nothing more than an assent that it be probated in the way and manner provided by law. The plaintiff in this case is a son of the testator and a devisee under the will. The plaintiff, being a devisee under the will, as well as an heir at law, has a material interest and is entitled to have the will probated in the way and manner provided by law, whereby title to the property which he may receive under the will will be free from question, doubt, or adverse claims. A *valid* judgment probating a will in solemn form is conclusive *(Code Ann.* § 113-602), and this plaintiff is entitled to have such judgment rendered provided the will can be probated as prescribed by law, so as to eliminate any probability of an attack upon the validity of the will.

The defendants contend that the plaintiff did not allege facts to show that the plaintiff exercised due diligence to follow the probate proceeding after he acknowledged service of the application to probate the will in solemn form. The case of *Gillis v. Gillis,* 96 Ga. 1, 17, supra, held: "The main reason of the rule for calling all witnesses in a proceeding for probate in solemn form is, to give the other party an opportunity of cross-examining them; . . ." Accordingly, the failure of the plaintiff to appear at the hearing when the will was probated would neither estop the plaintiff nor constitute a failure to exercise due diligence for the reason that had the plaintiff appeared, there would have been no witnesses to cross-examine. The law prescribes certain essential prerequisities before a valid judgment probating a will in solemn form can be rendered. *Code Ann.* § 113-602. The petition to set aside the judgment probating the will in the instant case affirmatively alleges that the judgment is void, in that the subscribing witnesses were not produced as witnesses, as required by law, or their absence accounted for, and that all of the witnesses

were *sui juris* and available to the court. Accordingly, this contention is without merit. Treating the allegations of the petition as true, the judgment probating the will in solemn form is void. The court erred in sustaining the general demurrer.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED JULY 14, 1961—REHEARING DENIED JULY 27, 1961.

*R. F. Chance,* for plaintiff in error.
*J. Beverly Langford, James Maddox,* contra.