39740.  LANE v. BEACHAMP.

DECIDED SEPTEMBER 25, 1962—REHEARING DENIED
OCTOBER 17, 1962.

*Phillip Sheffield,* for plaintiff in error.

*Miller & Kirbo, Bruce W. Kirbo,* contra.

HALL, Judge.  It is true that a will attested by less than the requisite number of witnesses is void and can derive no aid from probate.  "The judgment of probate is not merely erroneous, but an absolute nullity on its face."  *Gay v. Sanders,* 101 Ga. 601, 607 (28 SE 1019).  Nevertheless, a party may be estopped under certain circumstances from asserting the invalidity of the will or the judgment of probate.  *Gay v. Sanders,* supra, 607; *Hightower v. Williams,* 104 Ga. 608 (30 SE 862); *Charles v. Simmons,* 215 Ga. 794 (1) (113 SE2d 604); *Hardeman v. Ellis,* 162 Ga. 664, 710 (135 SE 195); *Printup v. Smith,* 212 Ga. 501 (93 SE2d 679); *Janes v. Dougherty,* 123 Ga. 43 (2) (50 SE 954).

In the present case, the petitioner does not allege that there were less than the required number of subscribing witnesses, or any other facts showing that the will was void.  She merely alleges that the judgment of probate is void for the reason that there was no proof of the signatures of the witnesses offered in the probate proceeding on which said judgment issued.  The propounder of a will must introduce all the subscribing witnesses, or proof of their signatures where the witnesses are inaccessible.  *Miller v. Miller,* 104 Ga. App. 224 (3) (121 SE2d

340). The petitioner here, who was the propounder in the probate proceedings, does not allege that she did not know the witnesses' signatures were not proved at the time of the probate proceedings, nor does she allege that she exercised any sort of diligence in this regard. We are of the opinion that a propounder of a will is estopped to set aside the probate when he merely shows that the will was probated without proper proof, and does not show that such probate was not due to his own ignorance and lack of diligence. In the absence of such allegations, the trial judge did not err in dismissing the petition. *Hightower v. Williams*, 104 Ga. 608, supra; *Charles v. Simmons*, 215 Ga. 794, supra; *Hardeman v. Ellis*, 162 Ga. 664, supra. We do not decide the question whether the judgment of probate in this case was void or merely irregular or voidable for the reasons alleged. But see *Miller v. Miller*, 104 Ga. App. 224, supra.

The holding in *Miller v. Miller* is distinguishable from the present case in that there the petitioner had merely acknowledged service of the application to probate the will in solemn form, whereas in the present case the petitioner was the propounder in the probate proceeding and had the burden and duty of offering the proof of the signatures of the subscribing witnesses.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*