29166. SPELL v. HAIRE et al.

JORDAN, Justice.

Appling County brought suit to condemn certain

property owned by Johnny Spell, for use in a watershed project. Appellant received notice of the hearing, to be held before a special master and he and his attorney appeared therein with no objection. After hearing evidence the appellant was awarded $4,300 for some 17.906 acres and said sum was paid into the registry of the court on June 12, 1973. On June 13, 1973, the special master found that the county should be awarded an indefeasible fee simple title to all of the land condemned. On June 21, 1973, appellant entered an appeal from the award to the Appling County Superior Court and said appeal is now pending. On June 5, 1974, appellant filed a petition in the Appling Superior Court seeking a cancellation of the condemnation judgment and an injunction against the Appling County Commissioners and a contractor and subcontractor employed to clear the land in question, alleging that the judgment was fraudulently obtained, that notice of what land was to be taken was insufficient; and that no valid ordinance authorizing the taking was in existence at the time the suit was instituted. The Appling County Commissioners made a motion to dismiss contending among other things that appellant was estopped by the prior judgment. The trial court granted the motion to dismiss, and it is from that judgment that Spell appeals.

In a condemnation case the duty of a special master is to determine the value of the property to be condemned and any consequential damages or benefits evolving from said condemnation. In addition to the above stated duties the special master has the authority "to hear and determine any legal objections raised by the parties." *Leach v. Georgia Power Co.,* 228 Ga. 16 (4) (183 SE2d 755). Every objection raised by appellant in his equitable petition filed June 5, 1974, could and should have been raised at the proceeding before the special master. Appellant, accompanied by counsel, participated in the condemnation proceeding and raised none of his subsequent objections. Appellant entered an appeal from the special master's award and said appeal is now pending in the Appling Superior Court. Since the special master had jurisdiction to hear all of appellant's complaints its judgment is binding until set aside. *Mitchell v. Arnall,*

203 Ga. 384 (47 SE2d 258).

There is a Georgia case with facts very similar to the facts in the case sub judice. In *McGregor v. W. L. Florence Constr. Co.,* 208 Ga. 176 (2) (65 SE2d 809), the State Highway Department instituted condemnation proceedings to take certain right-of-way property from McGregor. After the assessor made his award, said being appealed to the Superior Court, McGregor filed an equitable petition to enjoin the defendant contractor, employed by the state. We held that "such award by the assessors and the order and judgment of the court directing the filing thereof were judgments rendered by a competent tribunal to fix the rights and liabilities of the parties to the proceedings with respect to the matters and things involved (*Thomas v. Central of Georgia R. Co.,* 169 Ga. 269 (149 SE 884)), and even if erroneous, as contended by the plaintiff, were binding upon him until reversed or set aside (*Mitchell v. Arnall,* 203 Ga. 384 (4) (47 SE2d 258)), and could not be collaterally attacked in the plaintiff's equitable petition for injunction. *Hogg v. City of LaGrange,* 202 Ga. 767 (44 SE2d 760); *Georgia Power Co. v. Fountain,* 207 Ga. 351 (61 SE2d 454)."

The trial court did not err in granting appellee's motion to dismiss.

*Judgment affirmed. All the Justices concur.*

Submitted August 30, 1974 — Decided November 18, 1974.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*J. M. Highsmith, Peyton Miles,* for appellees.