WILL CUMMINGS, COUNTY JUDGE *v.* ALVIN SHIPP, COUNTY
TRUSTEE.*

(*Knoxville.* September Term, 1928.)

Opinion filed March 31, 1928.

1. DECLARATORY JUDGMENT ACT. ADVERSE INTEREST OF
PARTIES JURISDICTION.

While jurisdiction under the Declaratory Judgment Act is not de-
pendent upon any right of the parties to immediate consequential
relief, it is necessary, in order to confer jurisdiction, that the pro-
ceeding be instituted by a party with real interest in the subject
matter and against the party whose interest is adverse. (Post, p.
597.)

Citing: Acts 1923, chapter 29; Miller v. Miller, 149 Tenn. (22
Thomp.), 487.

2. DECLARATORY JUDGMENT ACT. CONSTITUTIONALITY
OF STATUTE. SERVICE ON ATTORNEY-GENERAL.

When the proceeding involves a statute alleged to be unconstitu-
tional Section 11 of the Declaratory Judgment Act requires that
the Attorney-General of the State shall be served with a copy of
process, which provision is mandatory. (Post, p. 597.)

Citing: Acts 1923, chapter 29, sec. 11.

3. DECLARATORY JUDGMENT ACT. COUNTY JUDGE. COUN·
TY TRUSTEE.

The County Judge, who is the financial agent of the County, and the
County Trustee, who is its revenue collector and treasurer, do not
have such adverse interests as to entitle the County Judge to
maintain a bill under the Declaratory Judgment Law, against the
County Trustee to test the constitutionality of a statute extending
time for payment of taxes. (Post, p. 597.)

4. DECLARATORY JUDGMENT ACT. JURISDICTION. FINAL
   DECREE.

Where the courts are without jurisdiction a decree on a bill brought
under the Declaratory Judgment Law would not be conclusive of
the questions presented. (Post, p. 598.)

---

*Headnotes 1. Judgments, 33 C. J., section 57; 2. ———.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.
—HON. W. B. GARVIN, Judge.

WILL F. CHAMLEE, for complainant.

HORACE HAMBY, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill seeks a declaration as to whether or not Chapter 15, Acts of 1927 is constitutional. The Act was passed as an amendment to the General Assessment Law, Chapter 602, Acts of 1907. Section 48 of the General Law declares that taxes shall be due October first and delinquent March first of the succeeding year. By the Amendatory Act the date of delinquency was extended from March first to May first in all of the counties, including Hamilton County, except Davidson and a few other counties indicated by reference to the Federal Census. The County Judge of Hamilton County objected to this extension as it applied to his County and filed the bill against the County Trustee of the County. The Trustee demurred upon the ground that the Amendatory Act is not class legislation and should be held valid.

It is insisted by complainant that the Amendatory Act cannot be sustained as relating to the counties in their governmental and political capacity or as reasonable classification, and that it is void in contravention of Article 1, Section 8, and Article 11, Section 8 of the Constitution. The County Trustee joins the County Judge in seeking a declaration, but insists without serious contention that the Act should be declared valid.

(1) The County Attorney of Shelby County, as *amicus curiae,* insists that the proceeding in which the County Judge of Hamilton County seeks to have the Amendatory Act of 1927 annulled cannot be sustained. He insists that the statements in the bill do not disclose adverse interests between the parties to the suit, and that proper parties were not brought in to confer jurisdiction under the Declaratory Judgments Law, Chapter 29, Acts of 1923. While jurisdiction under the Declaratory Judgments Act is not dependent upon any right of the parties to immediate consequential relief, it is necessary, in order to confer jurisdiction, that the proceeding be instituted by a party with real interest in the subject matter and against the party whose interest is adverse. *Miller* v. *Miller,* 149 Tenn., 487.

(2) When the proceeding involves a Statute alleged to be unconstitutional Section 11 of the Declaratory Judgments Act requires that the Attorney-General of the State shall be served with a copy of the proceeding. This provision is mandatory. The object of the requirement is to protect the public should the parties be indifferent to the result, as it might affect the public welfare.

(3) The County Judge is the financial agent of the County, and the County Trustee is its Revenue Collector and Treasurer, and both are interested in the collection

of County revenue. Their interests are in no sense adverse. The Attorney-General of the State was not made a party to the proceeding and no notice was served upon him.

*(4)* The Court is without jurisdiction and cannot render a declaratory decree conclusive of the questions presented. The jurisdictional defects indicated were not brought to the attention of the Chancellor or no doubt he would have dismissed the proceeding.

Reversed and dismissed.