21844. WILLIAMS, Ordinary v. KAYLOR, Commissioner, et al.

ARGUED NOVEMBER 14, 1962—DECIDED JANUARY 16, 1963.

*Pittman & Kinney, L. Hugh Kemp,* for plaintiff in error.
*Ernest McDonald, Adams & McDonald,* contra.

QUILLIAN, Justice. The declaratory judgments law, contained in the Acts of 1945 (Ga. L. 1945, p. 137) and amended by subsequent acts (Ga. L. 1959, pp. 236, 237), is the uniform declaratory judgments act adopted by most of the states of the Union. A provision of the uniform act, and embodied in *Code Ann.* § 110-1106 (Ga. L. 1945, pp. 137, 138), is: "No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding involving the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard as a party. If a statute of the State, or any order regulation of any administrative body of the State, or any franchise granted by the State is alleged to be unconstitutional, the Attorney General of the State shall be served with a copy of the proceeding and shall be entitled to be heard." In 16 Am. Jur. 331, Declaratory Judgments, § 61, it is said: "The Uniform Act provides that in any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard and that

if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceedings and be entitled to be heard."

The holding of the appellate courts throughout the country, simply stated, is that where service is not made on the attorney general as required by the declaratory judgments statutes in a case where there is an attack made upon the constitutionality of a statute enacted by the general assembly of the state, the court to which the petition is addressed does not have jurisdiction of the subject matter of the case, the subject matter being whether the statute in question is constitutional.

In the case of Wheeler v. Bullington, 264 Ala. 264, 266 (87 S2d 27), is the pronouncement: "As already indicated, this is a proceeding under the Declaratory Judgments Act, Code 1940, Tit. 7, §§ 156-168, as amended, which involves the validity of a statute, Act No. 174, supra, it being alleged in the bill that said statute is unconstitutional. Applicable in this situation is § 166, Tit. 7, supra, which provides as follows:

" 'Parties when declaratory relief is sought.—All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard.' . . .

"This section is identical with Sect. 11 of the Uniform Declaratory Judgments Act, 9 U.L.A.

"It does not appear from the record that the Attorney General was served with a copy of the proceeding; nor does it appear from the record that he had notice of the proceeding or participated in it in any way. Accordingly, it is our view that jurisdiction of the trial court was not invoked and that the decree declaring Act No. 174 to be unconstitutional is void. It follows that the case is properly here on appeal from the decree of September 19, 1955, and that appellee's motion to dismiss the appeal must be denied.

"We have not been referred to any Alabama case dealing with the requirements of Sect. 166, supra, that 'if the statute . . . is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard'; nor have we found any. However, the effect of this provision has been dealt with in a number of other jurisdictions, and it appears to be universally held that compliance with this provision is mandatory and goes to the jurisdiction of the court. But as to what constitutes compliance and the extent to which the attorney general may or should participate, the cases are divided.

"In the case now before us we need only decide at this time whether the requirement of service on the attorney general is mandatory and jurisdictional, and we limit our decision to that question. Among the cases holding that service on the attorney general is mandatory and jurisdictional are the following: Cummings v. Shipp, 156 Tenn. 595, 3 SW2d 1062, 1063; Cummings v. Beeler, 189 Tenn. 151, 223 SW2d 913, 916-917; Day v. Ostergard, 146 Pa. Super. 27, 21 A2d 586, 588; Ethington v. Wright, 66 Ariz. 382, 189 P2d 209, 213; Watson v. Claughton, 160 Fla. 217, 34 S2d 243, 246-247; Pressman v. State Tax Commission, 204 Md. 78, 102 A2d 821, 826; City Manager of Medford v. Civil Service Commission, 329 Mass. 323, 108 NE2d 526, 530; Lowell v. City of Boston, 322 Mass. 709, 740-741, 79 NE2d 713, 731; Roehl v. Public Utility Dist. No. 1 of Chelan County, 43 Wash.2d 214, 261 P2d 92, 108; Parr v. City of Seattle, 197 Wash. 53, 84 P2d 375, 377; Lee v. Clark, 224 S. C. 138, 77 SE2d 485, 487-488; Wichita County v. Robinson, Tex., 276 SW2d 509, 511-512; Land Clearance for Redevelopment Authority of City of St. Louis v. City of St. Louis, Mo., 270 SW2d 58, 63; Johnston v. Board of Adjustment and Town Council of Westfield, 190 A 782, 783, 15 N.J. Misc. 283; Jefferson County Fiscal Court v. Trager, 300 Ky. 606, 189 SW2d 955; Liberty Mutual Ins. Co. v. Jones, 344 Mo. 932, 130 SW2d 945, 125 ALR 1149, 1161. See also, Borchard, Declaratory Judgments, 2d Ed., p. 275.

"From what we have said it follows that the action of the trial court in denying the motion to set aside the decree is due to be reversed."

A statute of the state as defined in Words & Phrases, Vol. 40,

p. 97, is: "Any law directly passed by the Legislature of a state, and any enactment to which a state gives the force of law, is a 'statute of the state.' Federal Trust Co. v. East Hartford Fire Dist., CCA Conn., 283 Fed. 95, 98." See New Orleans Waterworks Co. v. Louisiana Sugar Refining Co., 125 US 18 (8 SC 741, 31 LE 607); Reinman v. City of Little Rock, Ark., 237 US 171 (35 SC 511, 513, 59 LE 900); King Mfg. Co. v. City Council of Augusta, Ga., 277 US 100 (48 SC 489, 72 LE 801). In practically all of the cases cited as supporting authority in the case of Wheeler v. Bullington, 264 Ala. 264, supra, the opinions of the courts dealt with local acts of the legislatures of those states, and of nature similar to the act of 1960 attacked in this case as being unconstitutional.

Relative to want of jurisdiction of the subject matter of the case where service is not made upon the attorney general in compliance with the declaratory judgments act is Cummings v. Shipp, 156 Tenn. 595, 597 (3 SW2d 1062), where a county judge brought a bill against a county trustee, whose interests were not adverse under the declaratory judgments act, seeking determination of the validity of a public act without notifying the attorney general as provided by the declaratory judgments act in cases involving statutes alleged to be unconstitutional; *held* court was without jurisdiction, and could not render a declaratory decree conclusive of the questions presented. The Tennessee court pointed out: "The county judge is the financial agent of the county and the county trustee is its revenue collector and treasurer, and both are interested in the collection of county revenue. Their interests are in no sense adverse. The Attorney General of the state was not made a party to the proceeding, and no notice was served upon him. The court is without jurisdiction, and cannot render a declaratory decree conclusive of the questions presented. The jurisdictional defects indicated were not brought to the attention of the chancellor, or no doubt he would have dismissed the proceeding."

The subject matter of which the court must have jurisdiction in order to enter a valid judgment is defined by the courts of this State as: "the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient

to invoke the exercise of that power." *Melton v. Jenkins,* 50 Ga. App. 615 (1) (178 SE 754). See *Kaiser v. Kaiser,* 178 Ga. 355, 366 (173 SE 688) ; *Mitchell v. Arnall,* 203 Ga. 384, 385 (5) (47 SE2d 258). Words & Phrases, Vol. 23, p. 409, contains the apt definition: "Jurisdiction of the subject-matter', is the power to inquire and adjudge whether the facts of a particular case make that case a proper one for jurisdictional consideration by the judge before whom it is brought." Montgomery v. Equitable Life Assur. Soc., 83 F2d 758, 761. See Chambers v. Sanford & Treadway, 154 Tenn. 134 (289 SW 533).

This court held in *Dix v. Dix,* 132 Ga. 630, 634 (64 SE 790) : "Where the court of ordinary is without jurisdiction to deal with a particular subject-matter, or to make a decision in regard to it, an effort to do so is ineffectual; and this is true whether want of jurisdiction of the subject-matter is urged before that court or not. *Craddock v. Kelly,* 129 Ga. 818, 825 (60 S.E. 193)." It is well settled that: "When a trial court, in a case over which it has, as to subject matter, no jurisdiction, renders therein any judgment except one of dismissal, this court will of its own motion reverse the same whether exception to it for want of jurisdiction in the court below be taken in the bill of exceptions or not." *Georgia R. & Bkg. Co. v. Redwine,* 208 Ga. 261 (1) (66 SE2d 234) ; *Smith v. Ferrario,* 105 Ga. 51, 53 (31 SE 38) ; *Kirkman v. Gillespie,* 112 Ga. 507 (37 SE 714). Hence, where as in this case, the trial court sustains the general demurrers and dismisses the petition, his judgment will be affirmed. *Sweatman v. Roberts,* 213 Ga. 112, 113 (97 SE2d 320) ; *Kantzipper v. Kantzipper,* 179 Ga. 850, 852 (177 SE 679) ; *Smith v. Upshaw,* 217 Ga. 703, 704 (124 SE2d 751).

*Judgment affirmed. All the Justices concur.*