25784. PHARRIS et al. v. MAYOR &c. OF JEFFERSON.

ALMAND, Chief Justice. Willie D. Pharris and others, in their petition as citizens and taxpayers, against the Mayor & Council of the City of Jefferson, sought (a) injunctive relief, and (b) a declaratory judgment that a designated statute of the State of Georgia be declared unconstitutional and void, and that an ordinance adopted by the City of Jefferson as to annexation of described territory adjacent to the City of Jefferson be declared void.

The petition asserted that the Act of 1966, pp. 409, 410 (*Code Ann.* § 69-904), violated certain provisions of the State Constitution.

The petition seeking a declaratory judgment as to the validity of the annexation was filed under Section 9 of the 1966 Act.

When the prayers for a declaratory judgment came on for a hearing on January 14, 1970, counsel for the defendants moved the court "to dismiss so much of their petition and [that] seek to attack the constitutionality" of the 1966 Act, on the ground that the record did not show that the Attorney General of Georgia had been served as provided by the 1945 Declaratory Judgment Act (Ga. L. 1945, p. 137; *Code Ann.* § 110-1106), which provides: "If a statute of the State

. . . is alleged to be unconstitutional, the Attorney General of the State shall be served with a copy."

Counsel for the petitioners stated to the court that the Attorney General had been served with a copy of the complaint and requested the court to permit him to introduce a copy of the letter he had mailed to the Attorney General and to show that the Attorney General had acknowledged receipt of the petition. On inquiry by the court, the clerk of the court stated that the record of the case in his office did not show that the Attorney General had been notified.

The court entered the following: "Whereupon, it is considered, ordered and adjudged that the first defense and the second defense as filed by the Mayor and Council of the City of Jefferson be and is hereby sustained for the reason the Attorney General of Georgia was not served with a copy of said proceedings and so much of said petition is dismissed as seeks to invoke the constitutionality of the Act of the General Assembly under which said annexation was accomplished to wit: Code Section 69-904 et seq.; (Georgia Laws 1966, pages 409, 410). See Plantation Pipeline Company vs. City of Bremen, 225 Ga. 607; Georgia Code Section 110-1106."

The plaintiffs filed their notice of appeal enumerating as error the order of January 14, 1970.

We agree that it was error for the court to dismiss the prayers of the petitioners for a declaratory judgment as to the constitutionality of the 1966 Annexation Act on the ground that the record did not show that the Attorney General had been served with a copy of the complaint.

The 1945 Declaratory Judgment Act (*Code Ann.* § 110-1106) does not make the Attorney General a party to the proceeding, nor does it require service of process upon him by the sheriff under the provisions of the Civil Practice Act (*Code Ann.* § 81A-104), nor does it provide how the Attorney General is to be served. The purpose of the Act is to give notice to him of a constitutional attack being made on the statute and the opportunity, if he desires, to be heard. Counsel for the plaintiffs stated in open court that service had been made on the Attorney General and asked permission to prove the same. The court denied the request on the ground that the record in the case did not show such service. There is no requirement that notice of service be filed in the record.

In a case of this nature, it may be suggested that the provision for alternative service of *Code Ann.* § 81A-104 (i), which provides: "In all cases or special proceedings where the requirements or procedures for service, or both, are not prescribed by law, and in any situation where the provisions therefor are not clear or certain, the court may prescribe service according to the exigencies of each case, consistent with the Constitution," may be followed.

The order on which error is assigned is

*Reversed. All the Justices concur.*

ARGUED MAY 11, 1970—DECIDED JUNE 9, 1970—
REHEARING DENIED JUNE 25, 1970.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellants.

*Joseph J. Gaines, Davis & Davidson, Jack S. Davidson, Arthur K. Bolton, Attorney General,* for appellee.