## S06A0049. FULTON COUNTY v. CITY OF ATLANTA et al.

(629 SE2d 196)

THOMPSON, Justice.

In this case of first impression, we are called upon to decide whether OCGA § 36-1-16 (a) unconstitutionally impairs the free flow of interstate commerce. We hold that it does, and affirm the judgment of the superior court.

The facts are simple and straightforward: The City of Atlanta entered into contracts with Advanced Disposal Services, Inc. ("Advanced") and Republic Services of Georgia, L.P. ("Republic"), to collect, transport and dispose of the city's municipal solid waste. Under the contracts, municipal solid waste is to be collected in the city, taken to transfer stations in South Fulton County and Cobb County, and transported to landfills in Forsyth County and Butts County for final disposal.

On November 3, 2004, Fulton County made a demand upon the city to comply with the provisions of OCGA § 36-1-16 (a).[1] When the city refused, Fulton County filed suit seeking declaratory and equitable relief. The city answered and moved for judgment on the pleadings, asserting that OCGA § 36-1-16 (a) is unconstitutional because it impairs interstate commerce. The superior court granted the city's motion, and this appeal followed.

1. In *Fort Gratiot Sanitary Landfill v. Michigan Dept. of Nat. Resources*, 504 U. S. 353 (112 SC 2019, 119 LE2d 139) (1992), the Supreme Court of the United States examined a Michigan statute prohibiting a private landfill from receiving solid waste that originated outside the county in which the landfill was located, unless expressly authorized by the landfill's county.[2] The Court struck down the statute, finding that it unconstitutionally discriminated against interstate commerce. In so doing, the Court held that the statute could not be saved simply because it purported to regulate inter-county, as opposed to interstate, waste: "[O]ur prior cases teach that a State (or one of its political subdivisions) may not avoid the strictures of the Commerce Clause by curtailing the movement of

[1] In its entirety, this subsection reads:
No person, firm, corporation, or employee of any municipality shall transport, pursuant to a contract, whether oral or otherwise, garbage, trash, waste, or refuse across state or county boundaries for the purpose of dumping the same at a publicly or privately owned dump, unless permission is first obtained from the governing authority of the county in which the dump is located and from the governing authority of the county in which the garbage, trash, waste or refuse is collected.

[2] The Michigan statute read, in pertinent part: "A person shall not accept for disposal solid waste . . . that is not generated in the county in which the disposal area is located unless the acceptance of solid waste . . . is explicitly authorized in the approved county solid waste management plan." 112 SC at 2022.

articles of commerce through subdivisions of the State, rather than through the State itself." 112 SC at 2024.

*Fort Gratiot* is controlling here. Like the Michigan statute, OCGA § 36-1-16 (a) gives Georgia counties the power to veto the importation of solid waste.[3] This it cannot do. As the Supreme Court observed in *Fort Gratiot*:

> The Waste Import Restrictions enacted by Michigan authorize each of the State's 83 counties to isolate itself from the national economy. Indeed, unless a county acts affirmatively to permit other waste to enter its jurisdiction, the statute affords local waste producers complete protection from competition from out-of-state waste producers who seek to use local waste disposal areas. In view of the fact that Michigan has not identified any reason, apart from its origin, why solid waste coming from outside the county should be treated differently from solid waste within the county, [the statute must fall].

112 SC at 2024.

*Diamond Waste v. Monroe County*, 939 F2d 941 (11th Cir. 1991), upon which Fulton County relies, was decided prior to *Fort Gratiot* and does not, therefore, support Fulton County's position. See *Diamond Waste v. Monroe County*, 828 FSupp. 52 (M.D. Ga. 1993).

2. After filing its answer and challenging the constitutionality of OCGA § 36-1-16 (a), the City of Atlanta notified the Attorney General of its challenge. Thus, it cannot be said that the superior court lacked subject matter jurisdiction of this case. Compare *Pharris v. Mayor &c. of Jefferson*, 226 Ga. 489 (175 SE2d 845) (1970); *Williams v. Kaylor*, 218 Ga. 576 (129 SE2d 791) (1963).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 27, 2006.

*Overtis H. Brantley, Willie J. Lovett, Jr., Rory K. Starkey, Marina K. Duncan, Nicolle G. Holt*, for appellant.

---

[3] In fact, OCGA § 36-1-16 (a) impinges on interstate commerce even more than the Michigan statute because it empowers counties to control both the importation and the exportation of waste.

*Linda K. DiSantis, Marc Goncher, Jones, Cork & Miller, Robert C. Norman, Jr., Chorey, Taylor & Feil, Otto F. Feil III, Lisa F. Harper, Troutman Sanders, Douglas A. Henderson, Alston & Bird, Robert D. Mowrey, David M. Meezan,* for appellees.

*Brock, Clay & Calhoun, Carlton L. Kell,* amicus curiae.