FILED

08/21/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 11, 2023 Session

## JEREMY N. MILLER v. CASI A. MILLER

**Appeal from the Chancery Court for Montgomery County**
**No. MC CH CV DI 11-121       Ted A. Crozier, Judge**

_____

### No. M2022-00759-COA-R3-CV

_____

A divorced father retired from the military. Afterward, he received only disability pay due to service-related injuries. The mother sought to hold him in contempt, claiming she was denied a percentage of his military retirement benefits. The father denied her allegations and petitioned to modify child support. He argued that his disability pay could not be counted as income for child support purposes because federal law preempted the provision of the Tennessee Child Support Guidelines governing military disability benefits. The trial court concluded that the father's disability pay counted as income for child support. On appeal, the father reiterates his preemption argument. Because he failed to provide timely notice of his constitutional challenge to the Tennessee Attorney General and Reporter, we consider the preemption issue waived.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and JEFFREY USMAN, JJ., joined.

Deborah S. Evans, Clarksville, Tennessee, and Carson J. Tucker, Troy, Michigan, for the appellant, Jeremy N. Miller.

Donald N. Capparella and Jacob Andrew Vanzin, Nashville, Tennessee, for the appellee, Casi A. Miller.

Jonathan Skrmetti, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, Amber L. Barker, Senior Assistant Attorney General, and Carrie A. Perras, Assistant Attorney General, for the State of Tennessee.

# OPINION

## I.

Jeremy Miller ("Father") and Casi Miller ("Mother") divorced in 2011. As part of the divorce decree, the Montgomery County Chancery Court adopted and incorporated their agreed permanent parenting plan. The parenting plan provided for equal parenting time and named Mother primary residential parent. It also required Father, an active member of the United States Army, to pay $450.00 per month in child support.

Several years after the divorce, Mother petitioned to modify the custody provisions of the parenting plan. Father responded in kind. He later amended his counter-petition to include a request for a retroactive modification of child support. And Mother sought to hold Father in contempt for failure to comply with the property settlement provisions in the marital dissolution agreement. By agreed order, the court eventually dismissed the custody and visitation issues. Father's request for modification of child support and Mother's contempt petition remained pending.

Father alleged in his amended counter-petition that both parents' incomes had changed significantly since the divorce. Father had retired from military service in 2017. At that time, the Department of Veterans Affairs ("VA") determined Father was 100% disabled due to service-connected injuries. Father only received disability pay. He argued that federal law precluded the state court from considering his disability pay as income for child support purposes.

The trial court rejected Father's preemption argument. It reasoned that the Tennessee Child Support Guidelines included disability benefits received from the VA in the determination of gross income for child support purposes. *See* Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)(1)(xiv) (2021). And nothing in federal law specifically prohibited the court from applying the guidelines. The VA had denied Mother's claim to apportion Father's veterans' disability benefits on behalf of the children. *See* 38 U.S.C. § 5307(c). But, in the court's view, that decision did not preclude the court from modifying child support when necessary. So federal law did not prohibit it from counting disability benefits as "income" for the purpose of calculating child support.

Finding a significant variance in income, the trial court determined that a modification of child support was appropriate. The court increased Father's child support obligation from $450 to $649 retroactive to the date he began receiving disability benefits. The court declined to award attorney's fees to either party.

**II.**

Father contends that the trial court erred in including his military disability benefits in the determination of his gross income as directed in the child support guidelines. *See* Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)(1)(xiv). Citing federal preemption principles, he argues that "the state cannot consider veterans' disability benefits as disposable assets, i.e., income, for purposes of property or child support," especially when, as here, a federal agency has made a final decision denying an apportionment claim on behalf of the veteran's dependents. *See* 38 U.S.C. § 511(a) (making the decision of the Secretary of Veterans Affairs "final and conclusive" and not subject to "review[] by any other official or by any court, whether by an action in the nature of mandamus or otherwise").

Mother asserts that Father waived his preemption argument by failing to notify the Tennessee Attorney General and Reporter of his challenge to the validity of a provision of the child support guidelines. *See Buettner v. Buettner*, 183 S.W.3d 354, 358 (Tenn. Ct. App. 2005). "[T]he doctrine of preemption is rooted in the Supremacy Clause of the United States Constitution." *Berent v. CMH Homes, Inc.*, 466 S.W.3d 740, 748 (Tenn. 2015); U.S. CONST. art. VI, cl. 2. Under the Supremacy Clause, federal law "may preempt an otherwise valid state law, rendering it without effect." *Lake v. Memphis Landsmen, LLC*, 405 S.W.3d 47, 55 (Tenn. 2013); *cf. Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 388 (2000) ("Because the state Act's provisions conflict with . . . the federal Act, it is preempted, and its application is unconstitutional, under the Supremacy Clause.").

The Attorney General must be given notice and an opportunity to be heard whenever the constitutional validity of a state statute or regulation is at issue. Tenn. Code Ann. § 29-14-107(b) (2012); TENN. R. CIV. P. 24.04. "Compliance with [the notice] statute and the related rules is mandatory." *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (J. Koch, concurring in part and dissenting in part). A litigant's failure to provide timely notice can be fatal on appeal. *See Buettner*, 183 S.W.3d at 358.

Father's counsel conceded at oral argument that the Attorney General had not been notified in this case. By rule, we may "not dispose of an appeal until notice has been given and the Attorney General has been given such opportunity to respond." TENN. R. APP. P. 32(d). So we ordered Father to serve a copy of the appellate briefs on the Attorney General's office. *See id.* 32(a). And we ordered the Attorney General to notify this Court whether it wished to participate in the appeal and, if so, what relief was appropriate considering Father's failure to comply with the statutory mandate and related rules.

The Attorney General responded that it would defend the validity of the guidelines. *See* Tenn. Code Ann. § 8-6-109(b)(9) (2016). But, given Father's noncompliance with the statute and related rules, the Attorney General argued that we should consider Father's preemption argument waived.

3

Federal preemption arguments can be waived in some circumstances. *See Roberts v. Roberts*, No. M2017-00479-COA-R3-CV, 2018 WL 1792017, at *9 (Tenn. Ct. App. Apr. 16, 2018) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008)); *Dajani v. New S. Fed. Sav. Bank*, No. M2007-02444-COA-R3-CV, 2008 WL 5206275, at *4 (Tenn. Ct. App. Dec. 12, 2008); *Wells v. Tenn. Homesafe Inspections, LLC*, No. M2008-00224-COA-R3-CV, 2008 WL 5234724, at *3 (Tenn. Ct. App. Dec. 15, 2008). For instance, a litigant's failure to provide the requisite notice of a constitutional challenge to the Attorney General has resulted in waiver of the constitutional issue on appeal. *See Tennison Bros., Inc. v. Thomas*, 556 S.W.3d 697, 731 (Tenn. Ct. App. 2017); *Buettner*, 183 S.W.3d at 358. In *Buettner v. Buettner*, a father raised a constitutional challenge to the child support guidelines during a post-divorce modification proceeding. 183 S.W.3d at 357. Yet he "failed to provide the Attorney General with notice of the challenge to the constitutionality of the guidelines while this matter was before the trial court." *Id.* at 358. The appellate court deemed his constitutional challenge waived. *Id.* As we explained, "the failure to provide notice of a constitutional challenge to the Attorney General . . . is fatal 'except to the extent the challenged statutes are so clearly or blatantly unconstitutional as to obviate the necessity for any discussion.'" *Id.* (quoting *In re Adoption of E.N.R.*, 42 S.W.3d 26, 34 (Tenn. 2001)).[1] And "[t]he child support guidelines are not clearly or blatantly unconstitutional." *Id.*

Father insists waiver is inappropriate here because he raised his preemption argument in the trial court. And he gave belated notice to the Attorney General after oral argument in this Court to "cure" his previous noncompliance. But Father overlooks the importance of timely notice in protecting the public's interest. *See Cummings v. Shipp*, 3 S.W.2d 1062, 1063 (Tenn. 1928). Notice "enables the Office of the Attorney General to discharge its responsibility to defend the constitutionality of state statutes." *Waters*, 291 S.W.3d at 918 (J. Koch, concurring in part and dissenting in part). And it assures a vigorous defense. *Id.*; *see also Cummings*, 3 S.W.2d at 1063 (recognizing that the purpose of the notice mandate "is to protect the public should the parties be indifferent to the result, as it might affect the public welfare"). Here, the Attorney General had no notice or opportunity to be heard when the preemption issue was before the trial court.

Under these circumstances, we deem Father's preemption issue waived. *But see Daniels v. Trotter*, No. E2020-01452-COA-R3-CV, 2022 WL 2826848, at *7 (Tenn. Ct.

---

[1] Although *In re Adoption of E.N.R.* also involved a failure to notify the Attorney General, the fatal failure in that case was a constitutional "issue improperly raised before the trial court at the last minute" during closing argument. 42 S.W.3d 26, 30, 32 (Tenn. 2001). The Tennessee Supreme Court never held, as this Court did in *Buettner*, that failure to notify the Attorney General of a constitutional challenge results in the waiver of that challenge. *Compare Buettner*, 183 S.W.3d at 358 *with In re Adoption of E.N.R.*, 42 S.W.3d 26, 31-34 (Tenn. 2001). But, as a published decision, *Buettner* is controlling. *See* TENN. R. SUP. CT. 4(G)(2).

App. July 20, 2022) (concluding the circumstances of that case warranted vacating a judgment and remanding with instructions for the litigant to notify the Attorney General of the constitutional challenge to a state statute). Father did not notify the Attorney General of his constitutional challenge to the child support guidelines until after the trial court had made its decision and for over a year after this appeal was filed. The important public interest objectives served by the notice requirement were not met.

## B.

Mother asserts that, as the prevailing party with respect to the child support issue, she is entitled to an award of attorney's fees incurred on appeal.[2] *See* Tenn. Code Ann. § 36-5-103(c) (2021). Tennessee Code Annotated § 36-5-103(c) provides this Court with the discretion to award attorney's fees incurred on appeal. *Strickland v. Strickland*, 644 S.W.3d 620, 635-36 (Tenn. Ct. App. 2021).

We grant Mother's request for an award of reasonable attorney's fees incurred on appeal. Mother prevailed by successfully defending the trial court's modification of child support. This Court has recognized that "[t]he allowance of attorney's fees for [an appeal] is for the benefit of the child, and the custodial spouse should not have to bear the expense incurred on the child's behalf." *Ragan v. Ragan*, 858 S.W.2d 332, 334 (Tenn. Ct. App. 1993). We also note that Father's income is more than double Mother's income.

## III.

Because Father failed to provide timely notice of his constitutional challenge to the Attorney General, we deem his federal preemption issue waived. Thus, we affirm the trial court's judgment. We remand this matter to the trial court for a determination of reasonable attorney's fees to Mother on appeal and for further proceedings consistent with this opinion.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[2] Father also asks, based on the prevailing party statute, for reversal of the trial court's judgment and a remand with instructions to reconsider the denial of his request for attorney's fees. But because Father did not prevail, he is not entitled to an award of attorney's fees. *See* Tenn. Code Ann. § 36-5-103(c) (2021).