IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 4, 2025 Session

**KIMBERLY JONES-MBUYI ET AL. v. JILL FITCHEARD ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 23-1585-I          Patricia Head Moskal, Chancellor**

———————————————————

**No. M2024-00969-COA-R3-CV**

———————————————————

W. NEAL MCBRAYER, J., dissenting.

Appellants Kimberly Jones-Mbuyi and Horwitz Law, PLLC challenge the constitutionality of a provision of Tennessee Code Annotated § 38-8-312 and a provision of the Code of the Metropolitan Government of Nashville and Davidson County. The question presented by this appeal is whether the State of Tennessee must be a party to the Appellants' declaratory judgment action. The majority concludes that the State may intervene for the limited purpose of defending the constitutionality of the statute consistent with Tennessee Rule of Civil Procedure 24; yet it remands for a determination of whether the State is a necessary party. Because the State is not a necessary party, I would reverse the trial court with instructions to permit the Tennessee Attorney General and Reporter to intervene on behalf of the State for the limited purpose of defending the statute's constitutionality.

Tennessee Code Annotated § 38-8-312 authorizes local governing bodies "to create a police advisory and review committee." Tenn. Code Ann. § 38-8-312(b)(1) (Supp. 2024). Among other responsibilities, the committee reviews the results of internal investigations of alleged police misconduct. *Id.* § 38-8-312(k). But neither the committee nor its staff may review an investigation "[i]f the complainant has initiated, threatened, or given notice of the intent to initiate litigation against the local government entity or its employees." *Id.* § 38-8-312 (q)(1)(D). Appellants contend that this limitation on review violates the unconstitutional conditions doctrine by conditioning the "statutory right to a police misconduct investigation" on not initiating, threatening, or giving notice of potential litigation. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013) (describing the doctrine).

As authorized by the statute, the Metropolitan Council of Nashville and Davidson County created The Metropolitan Community Review Board. METRO CODE § 2.106.010 (2023). The implementing ordinance closely tracks the language of the statute, including a prohibition against the Board and its staff reviewing an investigation "[w]here the complainant has initiated, threatened, or given notice of the intent to initiate litigation against the metropolitan government or any of its employees." *Id.* § 2.106.080(b)(4).

Appellants sued claiming that the statute and the Metro ordinance "force Ms. Jones-Mbuyi—as well as other Horwitz Law, PLLC clients and prospective clients—to choose between exercising their First Amendment right to petition and receiving the benefit of an investigation into sworn complaints regarding misconduct of local law enforcement." They also claim that the statute and the Metro ordinance "inhibit Horwitz Law, PLLC from conducting meaningful case evaluation by preventing Horwitz Law, PLLC from initiating litigation or conveying a threat of litigation in the event that a public records request sent to the [Metropolitan Nashville Police Department] is not filled accordingly to law." Beyond a declaration that the statute and Metro ordinance impose an unconstitutional condition, Appellants seek an injunction forbidding the Nashville Community Review Board, its executive director, and Metro "from refusing to investigate [Ms. Jones-Mbuyi's] complaints of law enforcement misconduct related to her daughter's murder on the basis that she has sued [Metro]." Appellants named only the Nashville Community Review Board, its executive director, and Metro as defendants (the "Metro Defendants").

Although Appellants did not include the State as a defendant, they did provide a copy of the proceeding and notice to the Attorney General as required by Tennessee's Declaratory Judgments Act and rule. *See* Tenn. Code Ann. § 29-14-107(b) (2024); TENN. R. CIV. P. 24.04. The Attorney General responded with a request on behalf of the State "to intervene . . . for the limited purpose of defending the constitutionality of Tennessee law." The Metro Defendants opposed the request, arguing the State[1] "is a necessary *party defendant* to this declaratory judgment action challenging the constitutionality of a state statute."

The trial court agreed with the Metro Defendants. The court noted that the State "moved to intervene *as of right* under [Tennessee] Rule [of Civil Procedure] 24.01(1) to exercise its duty to defend . . . [the] constitution challenge to Tennessee Code Annotated § 38-8-312 (q)(1)(D)." And Rule 24.01(1) is one of "several avenues by which a nonparty may formally join or be joined as a party to a lawsuit." Thus, it followed that the State was seeking to be added as a party.

The majority concludes, and I agree, that Rule 24.01(1) does not require intervention as a party where the State seeks to defend the validity or constitutionality of a statute. Rule

---

[1] The Metro Defendants referred to both the State and the Tennessee Attorney General as necessary parties.

2

24.01(1) coupled with Rule 24.04 and its notice requirement "protect the public's interest" by allowing the Attorney General "to intervene or take other appropriate action" on behalf of the State in defense of a statute. TENN. R. CIV. P. 24.04 advisory comm'n cmt. Appropriate action may include intervention for a limited purpose, such as defending the constitutionality of Tennessee law. *See, e.g.*, *Chattanooga-Hamilton Cnty. Hosp. Auth. v. UnitedHealthcare Plan of the River Valley, Inc.*, 475 S.W.3d 746, 755 (Tenn. 2015) (noting "the Attorney General gave notice of intervention for the purpose of addressing . . . [the] constitutional challenges to [TennCare regulations]"); *Turner v. Turner*, 473 S.W.3d 257, 265 (Tenn. 2015) (noting an agreed order allowed "the Attorney General to intervene for the limited purpose of defending the constitutionality of the statute of repose").

Having determined that the Rules of Civil Procedure do not require intervention as a party, the Court then concludes that a remand is required to determine whether the State is an indispensable or necessary party. I depart with the majority on this point.

To seek declaratory relief, the Declaratory Judgments Act requires that "all persons . . . be made parties who have or claim any interest which would be affected by the declaration." Tenn. Code Ann. § 29-14-107(a). A necessary party in this context is anybody whose "absence from the action could cause recurring litigation on the same subject because the declaratory judgment, if rendered, 'would not terminate the uncertainty or controversy giving rise to the proceedings.'" *Tenn. Farmers Mut. Ins. Co. v. DeBruce*, 586 S.W.3d 901, 906 (Tenn. 2019) (quoting *Reed v. Town of Louisville*, No. E2006-01637-COA-R3-CV, 2007 WL 816521, at *2 (Tenn. Ct. App. Mar. 19, 2007)). It is a stricter requirement than joinder under Tennessee Rule of Civil Procedure 19. *Id.* (citing *Huntsville Util. Dist. v. Gen. Tr. Co.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992)). Until all necessary parties are joined to the declaratory judgment action, "a trial court has no authority to grant declaratory relief." *Id.*

The determination of whether a party is necessary is usually left to the trial court's discretion. *Id.* at 905. The majority quotes *Adler v. Double Eagle Properties Holdings, LLC* for the proposition that "identifying the necessary parties in a declaratory judgment action is fact intensive and depends on the type of case and issues involved." No. W2010-01412-COA-R3CV, 2011 WL 862948, at *5 (Tenn. Ct. App. Mar. 14, 2011). But, in my view, *Adler* misstates the law. It is not a "fact intensive" inquiry; instead, the necessary parties are identified based on the "'type of case and the issues involved.'" *Tenn. Farmers Mut. Ins. Co.*, 586 S.W.3d at 906 (quoting *Adler*, 2011 WL 862948, at *3). Because only the type of case and the issues involved need be considered, I would make the determination rather than remanding the case for that purpose.

The Declaratory Judgments Act provides specific guidance for this type of case in Tennessee Code Annotated § 29-14-107(b). In a proceeding "involv[ing] the validity of a municipal ordinance . . . , such municipality shall be made a party, and shall be entitled to be heard." Tenn. Code Ann. § 29-14-107(b). If the proceeding involves a statute or

ordinance "of statewide effect . . . [that] is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard." *Id.* Appellants' case triggers both parts of Section 29-14-107(b). And they make much of the fact municipalities must "be made a party" while the Attorney General only is "entitled to be heard." *See id.* However, I do not see this distinction as dispositive here.

The Uniform Declaratory Judgments Act provision on which Section 29-14-107(b) was modeled makes notice requirements "express and specific."[2] Edwin M. Borchard, *The Uniform Act on Declaratory Judgments*, 34 HARV. L. REV. 697, 710 (1921). In that sense, Section 29-14-107(b) serves much the same purpose as Tennessee Rule of Civil Procedure 24.04, which requires notice to the Attorney General when the validity of a statute, rule, or regulation is questioned. *See* TENN. R. CIV. P. 24.04 advisory comm'n cmt.

Admittedly, the Tennessee Supreme Court has interpreted Section 29-14-107(b) differently in the past. In *Cummings v. Beeler*, the court "construed th[e] section to require the Attorney General to be a party defendant in any proceeding where the constitutionality of the Act of the legislature is before the Court on declaratory judgments proceeding." 223 S.W.2d 913, 916 (1949) (citing *Buena Vista Special Sch. Dist. v. Bd. of Election Comm'rs*, 116 S.W.2d 1008 (Tenn. 1938)). But I agree with the Attorney General that, in practice, the supreme court has departed from this interpretation in more recent cases. In *Chattanooga-Hamilton County Hospital Authority v. UnitedHealthcare Plan of the River Valley, Inc.*, the supreme court, in a matter where the Attorney General intervened to defend the constitutionality of a Tennessee law, nevertheless recognized that the "lawsuit [was] between private parties only." 475 S.W.3d at 755, 762. And in *Turner v. Turner*, a party challenged the constitutionality of the statute of repose applicable to judgments terminating parental rights. 473 S.W.3d at 265. The supreme court noted, without further comment, that the Attorney General "had intervene[d] for the limited purpose of defending the constitutionality of the statute of repose." *Id.* If the Attorney General were a necessary party in either case, the trial court had "no authority to grant declaratory relief." *Tenn. Farmers Mut. Ins. Co.*, 586 S.W.3d at 906.

---

[2] The problem, as one commentator put it, was that cases challenging the constitutionality of statutes or ordinances were "not chosen . . . with any view to the presentation of a fair case testing the statute, but may embody operative facts of a most unusual kind." Edwin M. Borchard, *The Uniform Act on Declaratory Judgments*, 34 HARV. L. REV. 697, 709-10 (1921). Despite this, such cases would determine the constitutionality of legislation. *Id.* As our supreme court explained, requiring service on the attorney general of declaratory judgment actions challenging the constitutionality of a statute "protect[s] the public should the parties be indifferent to the result, as it might affect the public welfare." *Cummings v. Shipp*, 3 S.W.2d 1062, 1063 (Tenn. 1928).

If Section 29-14-107(b) does not resolve the question, the focus must be on whether the State or attorney general "have or claim any interest which would be affected by the declaration." Tenn. Code Ann. § 29-14-107(a); *see also Tenn. Farmers Mut. Ins. Co.*, 586 S.W.3d at 907 (recognizing that necessary party status hinges on this determination). Those "who might be remotely affected by the declaratory judgment need not be joined." *Tenn. Farmers Mut. Ins. Co.*, 586 S.W.3d at 906. From recent supreme court cases in which the Attorney General was permitted to intervene for a limited purpose, I glean that the interest of the State must be something more than just defending the constitutionality of the statute. Here, I do not perceive an interest of the State beyond that.

Based upon the type of case and the issues involved, the State and the Attorney General are not necessary parties to Appellants' declaratory judgment action. Thus, I respectfully dissent from the decision to vacate the judgment and to remand.


_____s/ W. Neal McBrayer_____
W. NEAL MCBRAYER, JUDGE